ANNA KUZNASOFF, ADMX.
(Estate of Sevelly Kuznasoff)
*vs.*
FLOYD A. VAN LOAN

Superior Court      Fairfield County      File No. 62877

MEMORANDUM FILED APRIL 13, 1942.

*Joseph G. Shapiro,* of Bridgeport; *Farrel J. LeRoy,* of Hartford, and *Samuel H. Platcow,* of New Haven, for the Plaintiff.

*Willis, Foster & Lister,* of Bridgeport, for the Defendant.

CORNELL, J. The principal action is one by the plaintiff as administratrix on her deceased husband's estate to recover damages for his death, allegedly caused by the negligence of the defendant, Van Loan. Upon its motion, F. B. O'Neil & Company, the deceased's employer, was permitted to intervene as a party plaintiff under the provisions of section 5231 of the General Statutes, Revision of 1930, as amended by section 795d of the 1937 Supplement to the General Statutes, which authorizes an employer who has paid, or by award has become obligated to pay, compensation under the Workmen's

Compensation Act where an employee's injuries have been sustained by reason of the conduct of another, to "....bring an action against such other person to recover any amount which he has paid....to such injured employee." Pursuant to the court's order approving its motion, F. B. O'Neil & Company filed a complaint, asking as relief that "....any damages rendered in said (the principal plaintiff's) action shall be so paid and apportioned that it will be reimbursed from them for the amounts it has paid and become obligated to pay pursuant" to a finding and award in favor of the deceased described in its complaint, together with a reasonable attorney's fee and costs.

By his motion, the defendant proposes to file, in addition to an answer to the intervening plaintiff's complaint, a counterclaim against such intervening plaintiff (viz., F. B. O'Neil & Company) in which the cause stated is one to recover for personal injuries sustained by the defendant and for damages done a car owned by him when allegedly through the F. B. O'Neil & Company's negligence, the defendant's car went into a ditch excavated by the F. B. O'Neil & Company on a public highway. This latter it appears from the complaint was the site of plaintiff's decedent's fatal injuries when struck by a car operated by defendant. To this the intervening plaintiff objects on the ground that such a counterclaim may not properly be interposed in an action such as his complaint describes under the statute in question, viz., section 5231 of the General Statutes, Revision of 1930, as amended by section 795d of the 1937 Supplement to the General Statutes. Counsel have cited no case in support of their conflicting claims and the court knows of none precisely in point in this jurisdiction or elsewhere.

The applicable provisions of the statute are: "....but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or by award having become obligated to pay, compensation under the provisions of this chapter, may bring an action against such other person to recover any amount that he has paid or by award has become obligated to pay as compensation to such injured employee. If either such employee or such employer shall bring such action against such third person, he shall forthwith notify the other, in

writing, by personal presentation or by registered mail, of such fact and of the name of the court to which the writ is returnable, and such other may join as a party plaintiff in such action within thirty days after such notification, and, if such other shall fail to join as a party plaintiff, his right of action against such third person shall abate. In the event that such employer and employee shall join as parties plaintiff in such action and any damages shall be recovered, such damages shall be so apportioned that the claim of the employer shall take precedence over that of the injured employee, and, if the damages shall not be sufficient, or shall be only sufficient to reimburse him for the compensation which he has paid, or by award has become obligated to pay....such damages, shall be assessed in his favor; but, if the damages shall be more than sufficient to reimburse him, damages shall be assessed in his favor sufficient to reimburse him for the money he has paid....and the excess shall be assessed in favor of the injured employee...."

The cases seem to struggle to place the effect of provisions of this and like character within some classical legal relationship or category as respects an employer who brings suit in accordance with the right so conferred. Some depict him as subrogated to the status of the injured employee, others as an implied assignee of his employee's cause of action; still others as standing in the position of an insurer. See 71 C.J. Workmen's Compensation Acts §1590. Few, if any, are prone to recognize that it is possible for a statute to confer rights, impose liabilities or supply remedies without reference to legal scholasticism and with complete disregard of the dogma and doctrines of judicially made law. It is unnecessary here, however, to embark upon any such confusing adventure. The suit was commenced by the administratrix on the estate of the deceased employee and the only interest asserted by the intervening plaintiff is in the apportionment of any damages that may be recovered—and in the plaintiff's cause of action only indirectly and as that may affect the question whether there will be any moneys to distribute or not. The right which the intervening plaintiff is exercising is not one to recover damages for the wrong allegedly done his employee, but one conferred by statute, the productive value of which can only eventuate if it is found that the injured employee, had he lived, would have possessed a cause of action. His claim is upon a fund if and when that fund comes into exist-

ence—not to recover for a tort committed against the body of his dead employee. His right to share in that contingent fund is not dependent upon his proving that the defendant was guilty of negligence. That burden has been assumed by the employee's administratrix who brought the action. To recover if the plaintiff is awarded damages he need only establish that he had paid compensation within the meaning of that term as the statute defines it or has become obligated to do so under an award duly made.

But were it otherwise, and the employer here had instituted the action in the first place, it would not be his own cause that he would be prosecuting, but that of his deceased employee. The defenses available to the defendant would consequently be those only which would apply to the deceased employee. *City of Grand Rapids vs. Crocker,* 219 Mich. 178, 191, 189 N.W. 221, 225. Manifestly, negligence on the part of the employer—which is what is asserted in the proposed counterclaim—could not be urged either as a defense or in a crosscomplaint in a suit by the employee if living, or his representative—as here—after his death. Other considerations which need not be discussed point in the same direction.

Ordinarily the court would be inclined, where permission is sought to file a pleading, to allow it to be done and its efficacy to be determined by appropriate subsequent pleading. But where it is obvious that the pursuit of such a course would be but to introduce extraneous matter, confuse the issues and invite the delays and vexations usually attending much pleading, it is deemed proper to exercise some control over the direction of the issues.

The "substituted answer and special defense" contains nothing to designate it as applicable to the complaint filed by the intervening plaintiff but the motion identifies it as offered for that purpose. However, the special defense of contributory negligence is directed at the conduct of the plaintiff's decedent, while the denials contained in the answer encompass a greater number of paragraphs than there are in the intervening plaintiff's complaint—leaving open the inference that that, too, has reference to the plaintiff's rather than the intervening plaintiff's complaint. Under the circumstances the defendant will not be harmed if he is denied permission to file the answer and the counterclaim.

Motion for permission to file answer and counterclaim denied.