**Andrew O. RANTA, Plaintiff,**

**Arbor Construction Co., Intervening Plaintiff,**

**v.**

**BETHLEHEM STEEL CORPORATION; United States Steel Corporation; Arthur R. Barnes, Jr.; John G. Jarnis; Barnes & Jarnis, Inc.; and John Arborio, Inc., Defendants.**

**Civ. No. 11061.**

United States District Court
D. Connecticut.

June 26, 1968.

Dominic P. DelSole, of Falsey, Shay & DelSole, New Haven, Conn., for intervening plaintiff, Arbor Construction Co.

S. Robert Jelly, of Wiggin & Dana, New Haven, Conn., for defendant, Bethlehem Steel Corp.

TIMBERS, Chief Judge.

Plaintiff, Andrew O. Ranta, brings this diversity action to recover for personal injuries sustained by him when he fell from a partially completed bridge. Plaintiff was participating in the construction of the bridge at the time of the accident. Bethlehem Steel Corp., as the manufacturer of certain steel components of the bridge, is named as a defendant and charged with negligence, breach of express warranty and breach of implied warranty. Plaintiff's employer, Arbor Construction Co., having furnished plaintiff with benefits under the Connecticut Workmen's Compensation Act, Conn.Gen. Stat. § 31–139 et seq., has filed an intervening complaint pursuant to Conn. Gen.Stat. § 31–156.

Bethlehem Steel filed a counterclaim alleging that it is entitled to recover from the intervening plaintiff all that the individual plaintiff is entitled to recover, since intervening plaintiff's negligence was active and primary whereas the acts and omissions alleged by Ranta with respect to Bethlehem were passive and secondary if they occurred.

Intervening plaintiff now moves to strike that counterclaim pursuant to Rule 12(f), Fed.R.Civ.P., in that it is insufficient as a matter of state law.

While such cases as Kuznasoff v. Van Loan, 10 Conn.Supp. 508 (Super. Ct.1942), and Egan v. Toro Manufacturing Corp., Docket No. 101896 (Super.Ct., New Haven County, Dec. 17, 1963), stand for the proposition that under Connecticut pleading and practice such a counterclaim may not be pleaded, there is no such limitation in pleading imposed by Rules 13 and 14, Fed.R.Civ.P. If, in fact, a cause of action exists which would permit Bethlehem to recover indemnity from intervening plaintiff, then it may be pleaded here. Any possible prejudice to any of the parties can be avoided by an order for a separate trial if such an order is warranted.

The question then is whether such a cause of action exists. Under Connecticut law the general rule is that there is no contribution among joint tortfeasors. Rose v. Heisler, 118 Conn. 632, 633 (1934); Caviote v. Shea, 116

Conn. 569, 575 (1933). But where one party's liability can be characterized as passive or secondary and another's as active or primary, the first party normally has a good cause of action against the second for indemnity. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405 (1965); Preferred Accident Ins. Co. v. Musante, Berman & Steinberg Co., 133 Conn. 536, 541–44 (1947). Since under the pleadings as they now stand a jury might very well hold Bethlehem liable for acts which are passive and secondary in nature while finding intervening plaintiff primarily and actively responsible for the accident, Bethlehem's counterclaim is not deficient on this ground.

Nevertheless, Bethlehem's counterclaim is fatally defective as pleaded. The Connecticut Workmen's Compensation Act has terminated an employee's right to sue his employer for common law negligence. Conn.Gen.Stat. § 31–284(a); see Bartolotta v. United States, 276 F.Supp. 66, 70 (D.Conn. 1967). Since Arbor cannot be liable to its employee, Ranta, in tort, it cannot be a joint tortfeasor with Bethlehem and Bethlehem's right to indemnity must fail if it rests solely on the relative culpability of joint tortfeasors. See Slattery v. Marra Bros., 186 F.2d 134, 138–39 (2 Cir. 1951); Peak Drilling Co. v. Halliburton Oil Well Cementing Co., 215 F.2d 368 (10 Cir. 1954). The Workmen's Compensation Act, however, is not a bar to indemnity where such a right can be predicated on some legal relationship between the third party and employer giving rise to a duty on the part of the employer to the third party which is either contractually or tortiously breached. See Farm Bureau Mut. Automobile Ins. Co. v. Kohn Brothers Tobacco Co., 141 Conn. 539, 543–44 (1954); cf. Crawford v. Pope & Talbot, Inc., 206 F.2d 784, 792 (1953); American District Telegraph Co. v. Kittleson, 179 F.2d 946, 953 (8 Cir. 1950); Westchester Lighting Co. v. Westchester County Small Estates Corporation, 278 N.Y. 175, 15 N.E.2d 567 (1938).

Although it is apparently true that Bethlehem was a supplier of Arbor, Bethlehem neither pleads that relationship in its counterclaim nor pleads facts which would permit a finding that this relationship in any way gave rise to a right of indemnity in Bethlehem. On the contrary, Bethlehem's counterclaim simply alleges that Arbor's acts were active and primary while its acts were at most passive and secondary. This says no more than that the two may have been joint tortfeasors. Therefore, Bethlehem's counterclaim is insufficient to state a good cause of action.

Intervening plaintiff's motion to strike the counterclaim of defendant, Bethlehem Steel Corp., is granted.