SOUTHLAND CORPORATION *v.* RUFUS SELF, JR., ET AL.

SUPERIOR COURT    JUDICIAL DISTRICT OF    FILE No. 28479
MIDDLESEX

Memorandum filed February 21, 1980

*Gordon, Muir & Foley*, for the plaintiff.

*Frankl & Dahlmeyer*, for the defendants.

LEONARD W. DORSEY, J. The plaintiff in this case is the employer of a party who was injured in an accident. The accident occurred when the defendants, the owner and the operator of a motor vehicle, drove into the wall and plate glass store window of the 7-11 store where the employee was working. The subject action is being maintained pursuant to § 31-293 of the General Statutes.

Section 31-293 of the General Statutes reads in pertinent part: "When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto . . . the injured employee may proceed at law against such person to recover damages for such injury; and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. . . ." The defendant contends that this action may not be maintained since none of the exceptions under General Statutes § 38-323 of the no-fault statute has been met.

Section 38-323 of the General Statutes provides: "(a) No cause of action to recover economic loss or non-economic detriment based on negligence arising out of the ownership, maintenance or use of a private passenger motor vehicle may be maintained against an owner, registrant, operator or occupant of a private passenger motor vehicle with respect to which security has been provided as required by this chapter, or against any person or organization legally responsible for his acts or omissions, unless the injured party has sustained: (1) death, (2) permanent injury, (3) fracture of any bone, (4) permanent significant disfigurement, (5) permanent

loss of any bodily function, (6) loss of a body member or (7) allowable expense as defined in section 38-319 in excess of four hundred dollars. . . ." The plaintiff contends that it is able to maintain this action by virtue of § 31-293 and that § 38-323 is not a condition precedent to the maintenance of its case.

The issue then is whether an employer is able to maintain a workmen's compensation subrogation action against a third party under § 31-293 of the General Statutes when none of the elements of the threshold required under § 38-323 has otherwise been met.

An employer's right under the Workmen's Compensation Act to recover from a third party who caused the employee's injuries the amount paid as compensation is one derived from the employee. *Olszewski* v. *State Employees' Retirement Commission,* 144 Conn. 322; *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671. An insurer, as subrogee or assignee of claims of its insured, stands in the insured's shoes and is subject to any and all defenses which are available against the insured had he brought suit in his own name. *Service Fire Ins. Co.* v. *Hubbard,* 18 Conn. Sup. 37.

Under the section of the Workmen's Compensation Act concerning the liability of third persons to an employer and employee, the right of the employer to recover compensation which he has paid or has become obligated to pay is derived from the employee's right. The right of the employer depends upon the employee's right to the extent that he, the employer, has no cause of action unless the employee has a cause of action. *Stavola* v. *Palmer,* 136 Conn. 670, 678.

Section 38-321 of the General Statutes entitled "Payees of basic reparations benefits," provides:

"(a) Except as otherwise provided in this section, the insurer of the owner of a private passenger motor vehicle shall pay basic reparations benefits for injuries sustained by (1) a basic reparations insured while occupying any private passenger motor vehicle or while a pedestrian injured by physical contact with a motor vehicle of any type . . . ."

The legislative intent in enacting the so-called no-fault statute was discussed at length by the Supreme Court in *Gentile* v. *Altermatt*, 169 Conn. 267. "[T]he act is a legislative realization that minor injury cases (nonexempted plaintiffs) involve little in the way of noneconomic detriment and that the injured party is better compensated by immediate payment of the act's defined first party benefits." Id., 293. "[W]e cannot conclude that the discrimination between the class of exempted and nonexempted plaintiffs is invidious or unreasonable, since each is remedied sufficiently, albeit by different routes." Id., 295. "The legislature, having concluded that compelling public interests in accident reparations would best be served by eliminating the fault concept in minor motor vehicle accidents, established the threshold monetarily at $400." Id., 297.

It is uncontested that the injured employee has no cause of action against the defendants since none of the elements of the threshold of the no-fault statute has been met. The employer by virtue of its payments stands in no better position than its employee and any defenses against the employee can be maintained against the employer. The defendants have pleaded a special defense that the action is barred by the said no-fault statute.

It was the intention of that statute to minimize the institution of lawsuits of relatively inconse-

quential value. In order to permit the employer to maintain its action the court would in effect be creating a right or cause of action where one did not previously exist.

The defendants' motion for summary judgment is granted.