■ Priscilla Truran, Plaintiff, v Otis Elevator Company, Defendant and Third-Party Plaintiff-Respondent. American Can Company, Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Putnam County (Dickinson, J.), dated May 12, 1987, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of American Can Company, was injured by a door manufactured by the Otis Elevator Company (hereinafter Otis) at the American Can Company offices in Greenwich, Connecticut, and thereafter commenced this suit against Otis. In a third-party action by Otis seeking contribution and indemnification, American Can Company sought dismissal of the third-party complaint filed against it on the ground that Connecticut law applied and that the Connecticut Workers' Compensation Act bars third-party actions against employers *(see,* Conn Gen Stat § 31-284 [a]).

We conclude that the court's denial of summary judgment to American Can Company was proper because there exists a triable issue at least as to whether, under Connecticut law, Otis's claim is predicated upon the breach of some independent duty owed by American Can Company to Otis so as to overcome the exclusivity of the workers' compensation remedy *(see, Ranta v Bethlehem Steel Corp.,* 287 F Supp 111; *Kyrtatas v Stop & Shop,* 205 Conn 694, 535 A2d 357). Furthermore, it appears from this record that American Can Company is in exclusive possession of essential facts which may be the subject of discovery and thus should not be removed from the action at this stage *(see,* CPLR 3212; *Di Miceli v Olcott,* 119 AD2d 539). Eiber, J. P., Kooper, Spatt and Harwood, JJ., concur.