Ronald KRAMER, Plaintiff,

v.

BOUCHARD TRANSPORTATION CO.
INC., Defendant.

BOUCHARD TRANSPORTATION CO.
INC., & B No. 25 Corporation,
Third–Party Plaintiff,

v.

AMERADA HESS CORPORATION,
Third–Party Defendant.

No. 88 CV 1744.

United States District Court,
E.D. New York.

June 29, 1990.

Grainger Tesoriero & Bell, New York City, for third-party plaintiff.

Hill Betts & Nash, New York City, for third-party defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Third-party defendant moves to dismiss the third-party complaint for failure to state a claim and, in the alternative, for summary judgment. For the reasons discussed below, the motion to dismiss is granted.

### FACTS

On March 16, 1987 plaintiff Ronald Kramer allegedly sustained disabling injuries while picking up and positioning a hose on the defendant's barge Bouchard B–25. This injury occurred during the course of plaintiff's employment as a dock worker for third-party defendant Amerada Hess Corporation ("Hess") in Wethersfield, Connecticut, on the Connecticut River.

After the injury plaintiff received workmen's compensation pursuant to the Connecticut Workmen's Compensation Act. As of June 1, 1989, plaintiff has received medical benefits in the amount of $24,-704.41 and compensation benefits in the amount of $46,482.95. Buro Affidavit at ¶ 3.

Plaintiff has now commenced this negligence action against defendant Bouchard Transportation Co. ("Bouchard"), owner of the barge docked at the time of the accident. Plaintiff is a citizen of Connecticut. Defendant is a corporation incorporated under the laws of the State of New York and has its principal place of business in New York. Accordingly, jurisdiction, based on diversity, is proper. 28 U.S.C. § 1332.

Shortly after commencement of the main action, defendant Bouchard impleaded

Hess as third-party defendant[1], seeking indemnity. Fed.R.Civ.P. 14(c). Hess now moves to dismiss the third-party complaint, Fed.R.Civ.P. 12(b)(6), or, alternatively, for summary judgment. Fed.R.Civ.P. 56.

## DISCUSSION

In its motion Hess alleges that both the Longshore and Harbor Workers' Compensation Act ("Longshore Act"), 33 U.S.C. § 901 *et seq.*, and the Connecticut Workmen's Compensation statute bar the third-party action in this case.

### I. CONCURRENT JURISIDICTION

The Longshore Act provides:

Except as otherwise provided in this section, compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel).

33 U.S.C. § 903(a).

After reporting to the unloading dock on the day of the accident, plaintiff moved a cargo hose on the dock to inspect "the manifold on the dock" before inspecting the barge itself. Plaintiff's deposition at 29–30. According to plaintiff, it was while moving the hose on the dock that he sustained his injury. As all parties agree, plaintiff plainly falls within the jurisdiction of the Longshore Act. *Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977); *see Pittston v. Dellaventura,* 544 F.2d 35 (2d Cir.), *aff'd,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). It is also undisputed

that plaintiff rightfully received compensation benefits under Connecticut's Workmen's Compensation statute. Conn.Gen. Stat. § 31–275 *et seq.* (1987).

█ Federal jurisdiction under the Longshore Act, however, is not exclusive, and may coexist with state workers' compensation laws. In short, concurrent jurisdiction is not inconsistent with the policies of the Longshore Act. *Sun Ship, Inc. v. Pennsylvania,* 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980).

Dock workers injured on a wharf or pier fall squarely within the overlap of federal and state jurisdiction, otherwise known as a "twilight zone." *Hahn v. Ross Island Sand & Gravel Co.,* 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292 (1959). When injured within this overlap zone, a plaintiff may proceed under either compensation scheme. *Garvin v. Alumax of South Carolina, Inc.,* 787 F.2d 910 (4th Cir.), *cert. denied,* 479 U.S. 914, 107 S.Ct. 314, 93 L.Ed.2d 288 (1986). In fact, under such circumstances, receiving state benefits is not necessarily a bar to compensation under the Longshore Act, as long as no double recovery occurs. *Harney v. William M. Moore Bldg. Corp.,* 359 F.2d 649 (2d Cir.1966).

One purpose in allowing concurrent state and federal jurisdiction is to enhance available compensation benefits, thereby raising awards to a federal minimum. *Sun Ship, Inc.,* 447 U.S. at 723, 100 S.Ct. at 2438. If a state's remedial scheme should happen to be more generous than the Longshore Act, state jurisdiction could result in a more favorable award than an injured worker would get under an exclusively federal compensation system. *Id.* at 723, 723 n. 4, 100 S.Ct. at 2438, 2438 n. 4 (court does not interpret § 905(a) to exclude remedies offered by other jurisdictions);[2] *see Church-*

---

1. Bouchard had also filed a third-party complaint against Northeast Petroleum, Division of Cargill, Inc. and Cargill, Inc. Fed.R.Civ.P. 14(c). Subsequently, however, Bouchard filed a notice of dismissal, releasing these third-party defendants from the third-party action. Fed.R. Civ.P. 41.

2. Section 905(a) of Title 33 provides:

The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee ... and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee

*ill v. Perini North River Assoc.*, 652 F.2d 255, 258 (2d Cir.1981), *rev'd on other grounds*, 459 U.S. 297, 103 S.Ct. 634, 74 L.Ed.2d 465 (1983) ("[N]othing in the 1972 Amendments precludes a state from offering compensation to an employee who is admittedly covered under the ... [Longshore] Act.").

While this overlap in jurisdiction allows alternative, and even—on occasion—complementary, routes to recovery, the doctrine of preemption still applies because "[e]ven within the twilight zone ... conflicts between federal and state laws may occur such that pre-emption is nevertheless invoked." *Wallace v. Ryan–Walsh Stevedoring Co., Inc.*, 708 F.Supp. 144, 154 (E.D. Tex.1989); *see Garvin*, 787 F.2d at 917 (State is free to create cause of action in twilight zone unless it conflicts with Longshore Act and *"[e]xcept* with respect to claims against vessels addressed in 33 U.S.C.A. § 905(b), the [Longshore Act] does not address the substantive rights of claimants against third parties.") (emphasis added); *In re All Maine Asbestos Litigation*, 589 F.Supp. 1563, 1568 (D.Me.1984); *Couch v. Cro–Marine Transport, Inc.*, 725 F.Supp. 978 (C.D.Ill.1989).

## II. THE CIVIL SUIT FOR NEGLIGENCE

Plaintiff, injured in the "twilight zone," has chosen state-based compensation from his employer. Through this subsequent civil action, plaintiff also asserts a negligence claim against Bouchard as barge owner. In filing the third-party complaint against Hess, Bouchard has attempted to secure indemnity from plaintiff's employer for any potential liability.

Bouchard claims a right of indemnity in the third-party complaint, alleging Hess breached an "implied warranty" to provide safe shipping berths and competent personnel. Third-party compl. at ¶ 14–16, 29–31. Apparently, such a claim may exist under Connecticut law because "[t]he [Connecticut] Workmen's Compensation Act ... is not a bar to indemnity where such a right

... may elect to claim compensation under the chapter, or to maintain an action at law or

can be predicated on some legal relationship between the third party and employer giving rise to a duty on the part of the employer to the third party which is either contractually or tortiously breached." *Ranta v. Bethlehem Steel*, 287 F.Supp. 111, 113 (D.Conn.1968); *see Truran v. Ottis Elevator*, 143 A.D.2d 1002, 533 N.Y. S.2d 599 (2d Dep't 1988) (the breach of some independent duty owed by employer to third party overcomes the exclusivity of Connecticut's Workmen's Compensation remedy).

Hess, however, argues that the Longshore Act precludes a claim for indemnity by a barge owner against an employer.

## III. PREEMPTION

While the Supreme Court's accommodating mandate in *Sun Ship, supra*, encourages a strong respect for state workmen's compensation remedies within the "twilight zone," it remains clear that the overlap in jurisdiction does not displace federal supremacy. *Wallace*, 708 F.Supp. at 154. Accordingly, the Longshore Act will only "preempt a *conflicting* provision of a state compensation act. Preemption will not be presumed absent clear conflict between federal and state legislation 'in a field which the states have traditionally occupied.' " *In re All Maine Asbestos Litigation*, 589 F.Supp. at 1568 (emphasis in original) (citing *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947)). *See Garvin*, 787 F.2d at 916–17; *Couch*, 725 F.Supp. at 982. *Cf. Ferri v. Ackerman*, 444 U.S. 193, 100 S.Ct. 402, 62 L.Ed.2d 355 (1979).

As correctly noted by Hess, even if Connecticut law does allow a suit for indemnity by the barge Bouchard against Hess, the Longshore Act *specifically* exempts Hess from liability. The Longshore Act provides:

In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring

in admiralty for damages on account of such injury or death.

an action against such vessel as a third party in accordance with the provisions of section 933 of this title, *and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void* ... (emphasis added).

33 U.S.C. § 905(b).

The language of section 905(b) is not ambiguous and its last clause bars liability of the employer (Hess) to the barge owner (Bouchard). In the face of this irreconcilable conflict, the Longshore Act must control, and the third-party complaint against Hess must therefore be dismissed. *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 894 (2d Cir.1976) (citing 2A Moores Federal Practice ¶ 12.08 at 2271 (2d ed. 1975)); *Lou v. Belzberg,* 728 F.Supp. 1010, 1016 (S.D.N.Y.1990).

A recent case, *Couch v. Cro–Marine Transport, Inc.,* 725 F.Supp. 978 (C.D.Ill. 1989), points in the same direction. In *Couch* an injured dock worker sued, among others, the barge owner and the cargo owner associated with his accident on an unloading wharf. Plaintiff had also filed for benefits under the Illinois Worker's Compensation Act, choosing not to pursue any remedy that he might have against his employer under the Longshore Act. *Id.* at 979.

Subsequently, the defendant *cargo owner* filed a third-party complaint against the employer. That third-party complaint, much like the one at issue here, sought indemnification from the employer on the basis of the employer's breach of an implied contract to "perform its services in a good and workmanlike manner." *Id.* at 985. The court found that Illinois law allows third-party actions against an employer for indemnification under the state's Workers' Compensation Act. *Id.* at 983.

Although plaintiff never sought relief under the federal compensation scheme, the *Couch* court considered whether the Longshore Act preempted Illinois law. In assessing section 905 of the Act, the court concluded that "[t]he first sentence of subsection (b) plainly refers only to actions against the *vessel* and thus has no relevance in a suit between the *cargo owner* and the [employer]." *Id.* at 984 (emphasis added). Thus, there was no preemption.

The case before this Court, by contrast, *is* an action directly against the barge owner; and the third-party complaint seeks to thrust barge-related liability on the employer.[3] Section 905(b) of the Act explicitly forbids this. At least to this limited extent, the federal remedy (or, more precisely, nonremedy) preempts the state remedy.[4]

## CONCLUSION

Accordingly, the motion to dismiss the third-party complaint is hereby granted.

SO ORDERED.

---

**3.** Defining party relationships with precision under the Longshore Act is not a wasted effort. As the *Couch* court deliberately remarked:

> In the case before the Court, it is worthwhile to restate the relationship between the parties since both § 905(a) and § 905(b) are so explicitly dependent upon who the parties are. Likewise, the cases discussing these two sections are fairly fact specific. In our case, the Third Party Plaintiff is the cargo owner and shipper; the Third Party Defendant is the stevedore/employer. *There is no involvement of the ship owner in the Third Party Complaint.*

725 F.Supp. at 984 (emphasis added).

**4.** A finding of preemption comports with the interpretation of courts in this circuit against "circuitous indemnification" against benefit-pay-

ing dock employers through third-party actions. *Spadola v. Viking Yacht Co.,* 441 F.Supp. 798, 801 (S.D.N.Y.1977); *see Zapico v. Bucyrus–Erie Co.,* 579 F.2d 714, 716 (2d Cir.1978) ("The Longshoremen's [sic] and Harbor Workers' Compensation Act ... cuts off the right of a vessel to recover from a concurrently negligent stevedoring company a judgment paid by the vessel to a longshoreman employed by the stevedore in a personal injury suit against the vessel.") (citing 33 U.S.C. § 905(b)); *Munoz v. Flota Mercante Grancolumbiana, S.A.,* 553 F.2d 837, 840 (2d Cir.1977) ("The amended [Longshore] Act is a paradigm of political compromise.... The stevedore-employer, *now rid of the yoke of indemnification suits,* would be induced to insure employee safety by increased compensation awards.") (emphasis added).