[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION OF FLEISHER FINISHING, INC. TO INTERVENE AS CO-PLAINTIFF
This case presents another instance where an employer seeks to intervene in a products liability suit brought by an employee. According to the complaint, the plaintiff was injured on December 1, 1987, at Fleischer Finishing, Inc. while operating a padder machine that Fleischer Finishing had purchased from the defendant.
Fleischer Finishing, Inc. has paid and will be obligated to pay compensation to the plaintiff under the Workers' Compensation Act of the state. The purpose of the sought-for intervention is to enable Fleischer Finishing, Inc. to be reimbursed from any judgment obtained by the plaintiff for amounts it has paid and may become obligated to pay pursuant to the Workers' Compensation Act.
The plaintiff opposes the intervention on the basis of General Statutes 52-572r(c), a section of the Product Liability law. Section 52-572r(c) reads as follows: CT Page 4955
 Neither an employer nor, in the event the employer is insured against liability under chapter 568 [Workers' Compensation Act], the insurer of such employer, shall have any lien upon any judgment received in any product liability claim, or any right of subrogation if the claim against the third party is a product liability claim.
In response to the plaintiff's opposition, Fleischer Finishing, Inc. asserts that the plaintiff was hired by it on June 24, 1971, well before October 1, 1979, when 52-572r(c) became effective. Alternatively, Fleischer Finishing, Inc. contends that if 52-572r(c) precludes intervention, it is unconstitutional because it does not bear a rational relationship to any legitimate purpose for which it was enacted.
 I.
At the present time there is a split of authority regarding employer intervention in product liability cases. Decisions permitting intervention focus on the date the employment relationship began. Thus, where the employer employed the employee injured by a product prior to October 1, 1979, the effective date of 52-572r(c), the employer's rights would be governed by the prior law which allowed intervention. Christie v. Victor Automotive Products, Inc., 2 C.S.R. 807 (1987); Cohen, et als v. Owens-Corning Fiberglass, et al, H — 86 — 29 (D. Conn. 1990). Decisions prohibiting intervention rely on the date of the injury. If the injury caused by a product occurred after October 1, 1979, then 52-572r(c) prevents the employer from intervening in the employee's law suit. Boisseau v. Judson Computers, et al,3 C.L.R. 930 (1987), Gisolfi, et al v. Eagle Belting Co., 3 C.S.R. 804 (1988), Regonini, et al v. Southland Containers, 3 C.S.R. 886 (1988).
An employer's right to recover from a third party who caused the employee's injuries the amount paid as compensation is a right derived from the employee. Olszewski v. State Employees Retirement Commission, 144 Conn. 322, 325 (1957); Southland Corporation v. Self, 36 Conn. Sup. 317, 319 (1980). The derivative nature of the right sought to be asserted coupled with the continued adherence of our Supreme Court to the "date of injury rule" in determining rights and obligations of parties following revisions to the Workers' Compensation Act, Iacomacci v. Trumbull, 209 Conn. 219, 222-23 (1988), should be determining factors. This decision, therefore, joins those holding that in product liability cases after October 1, 1979, intervention by an employer as a co-plaintiff is barred by General Statutes CT Page 495652-572r(c).
 II.
Although Fleischer Finishing, Inc. has not specified the source for its constitutional argument what obviously is at issue are the equal protection clauses of the Fourteenth Amendment and 20 of article first of the Constitution of Connecticut. At the outset, it should be noted that the equal protection provisions of the federal and state constitutions have the same meaning and limitations. State v. Leary, 217 Conn. 404, 409 (1991). Also statutes are presumed to be valid. A party who challenges the constitutionality of a statute has the burden to demonstrate its invalidity beyond a reasonable doubt. Faraci v. Connecticut Light Power Co., 211 Conn. 166, 168 (1989).
Unless a statute intrudes on the exercise of a fundamental right or burdens a suspect class of persons, the classifications that it makes only have to be rationally related to some legitimate governmental purpose in order to withstand on equal protection challenge. Harbor Insurance Co. v. Groppo, 208 Conn. 505,508-09 (1988). The legislative history of 52-572r(c) was gone into by the courts who decided Ragonini v. Southland Containers, supra and Wasilewski, et al v. General Motors Corp., 2 C.S.R. 332 (1987. The purpose of the statute was found to be a reduction in the number of product liability actions filed. This court agrees with Ragonini and Wasilewski that the purpose was one on which the General Assembly could legitimately act. Moreover,52-577a, the statute of limitation for product liability claims, was upheld against an equal protection challenge on the theory of its relationship to a growing crisis in litigation. Daily v. New Britain Machine Co., 200 Conn. 562 (1986).
 III.
For the reasons set forth herein, the motion of Fleischer Finishing, Inc. to intervene as co-plaintiff is denied.
BARNETT, J.