[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: INTERVENING PLAINTIFF'S MOTION FOR APPORTIONMENT
On January 9, 1990, the plaintiff, Lynda Darnell Snagg, filed a complaint against the defendants, James and Sara Eastman, alleging negligence. Thereafter, on November 28, 1990, Magic Maids filed a motion to intervene pursuant to General Statutes 31-293, the Workers' Compensation Act. That motion was granted on December 11, 1990. In its intervening complaint Magic Maids alleges that, at the time of the plaintiff's injury, the plaintiff was employed by Magic Maids and the injury occurred in the scope of such employment. Magic Maids further alleges that it has paid the plaintiff money pursuant to the Workers' Compensation Act and that any damages recovered by the plaintiff in her negligence action should be apportioned to reimburse Magic Maids for the amount it has paid.
On November 15, 1991, the plaintiff filed a withdrawal of the plaintiff's complaint after having executed a settlement. On November 13, 1991, the intervening plaintiff filed a motion for apportionment of the settlement proceeds pursuant to General Statutes 31-293. The defendant's filed a memorandum of law in opposition to the motion with attached copies of the withdrawal CT Page 7135 and release.
The intervening plaintiff claims a right to apportionment of the plaintiff's settlement proceeds pursuant to General Statutes 31-293(a), which states in relevant part:
 When any injury for which compensation is payable. . .has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages for the injury, . . .the injured employee may proceed at law against the third person. . .and any employer having paid. . .compensation. . .may bring an action. . . If the employer and employee join as parties plaintiff in the action and any damages are recovered, the damages shall be so apportioned that the claim of the employer. . .shall take precedence over that of the injured employee. . . . [Emphasis added.]
General Statutes 31-293(a).
The intervening plaintiff argues that an employer's right to apportionment under 31-293(a) extends to settlement proceeds obtained by the employee from the tortfeasor before trial. In particular, the intervening plaintiff argues that the statutory phrase "damages shall be so apportioned" refers to all proceeds reaped by the employee as a result of the employee's claim against the tortfeasor, whether secured by settlement or final judgment. The intervening plaintiff also contends that the plaintiff's withdrawal from the action terminates the intervening plaintiff's derivative claim for reimbursement against the defendants, and therefore, apportionment of the settlement proceeds is the only remedy available to the intervening plaintiff.
The defendants contend, however, that 31-293(a) expressly provides for the independent resolution of employers' and employees' claims when it states, "[n]o compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him." General Statutes 31-293(a). The defendants argue, therefore, that when an intervening employer is not a party to the settlement reached by the employee and defendant, the employer has no right to apportionment of the settlement proceeds. According to this reading of the statute, the employer's right of reimbursement against the defendant is an independent cause of action that remains viable even after the plaintiff settles and withdraws from the suit. By virtue of the CT Page 7136 intervening complaint, the defendants argue, the employer's claim for reimbursement against the tortfeasor continues to exist and no jeopardy occurs.
The Connecticut courts have not addressed whether an intervening employer may seek apportionment of settlement proceeds obtained by the plaintiff-employee in pending litigation. The courts have consistently held, however, that an employer who has paid or becomes obligated to pay compensation retains an independent cause of action for reimbursement against the tortfeasor. General Statutes 31-293(a); Enquist v. General Datacom, 218 Conn. 19, 23, 587 A.2d 1029 (1991); Stavola v. Palmer, 136 Conn. 670, 678, 73 A.2d 831 (1950); Rosenbaum v. Hartford News Co., 92 Conn. 398, 400-01, 103 A.2d 120 (1918).
This right of action, although termed "derivative" of the employee's claim, "does not require that [the employee] be joined as a party. . .to enforce [the employer's] derivative right." Stavola v. Palmer, supra, 678. The employer's right to reimbursement is derivative of the employee's right merely "to the extent that he has no cause of action unless the employee . . . has a cause of action, and he cannot recover any more than the employee himself . . . could recover." Id. See also Southland Corp. v. Self, 36 Conn. Sup. 317, 319, 419 A.2d 907
(Super.Ct. 1980). Thus, as one court has held:
 The right which the employer is given by statute is his; it is a right vested in the employer exclusively; it is not the right of the employee. The employee has no right to expect or compel participation by the employer. . . . [Citation omitted.]
Robinson v. Faulkner, 163 Conn. 365, 377, 306 A.2d 857 (1972); see also Larson, 2B Workmen's Compensation Law 71.10, 14-569 n. 5 (1988) (construing Connecticut statute as one that provides the employer with "essentially a separate and independent" action against the tortfeasor).
General Statutes 31-293(a) also explicitly recognizes the right of the employer and employee to conduct independent settlements by providing that, "[n]o compromise with such third person by either employer or employee shall be binding upon or affect the rights of the other, unless assented to by him." General Statutes 31-293(a). See also United Fidelity Guaranty Co. v. New York, N.H. H.R. Co., 101 Conn. 200,204-05, 125 A. 875 (1924); Red Star Express of Auburn, Inc. v. Carsno, 3 Conn. L. Rptr. 98, 99 (November 30, 1990, Hennessey, J.). Thus, when an employee independently settles his claim with a third party, the employer retains an independent right of CT Page 7137 action for reimbursement against the third party. United Fidelity Guaranty Co. v. New York, N.H. H.R. Co., supra, 204-05. Moreover, the employer's statutory right to apportionment does not arise until the legal liability of the third party has been judicially established or assented to by the third party. Id., 207-08.
In light of the foregoing principles, this court concludes that General Statutes 31-293(a) should not be construed in any manner that serves to undercut the legislative intention manifested by a grant of independent rights to the employer and employee. See Turner v. Turner, 219 Conn. 703,712, 595 A.2d 297 (1991) (the court must construe statute in a way that will not violate its intended purpose or create bizarre results). It would be illogical to construe General Statutes31-293(a) in a way that renders an intervening employer's rights dependent upon the absence or presence of the employee, whereby the employee may withdraw from the action after settlement and thereby deprive the intervening employer of its statutory right to reimbursement.
Therefore, when the plaintiff-employee settles and withdraws, the intervening employer who does not assent to such settlement retains a continuing right of action against the tortfeasor pursuant to the intervening complaint. This result satisfies the requirement that an employer must prove legal liability of the third party before it can seek reimbursement. See United States Fidelity Guaranty Co. v. New York, N.H. H.R. Co., supra, 206-08. Moreover, such a statutory construction fosters settlement without jeopardizing the independent rights of action vested in the parties under the statute. See General Statutes 31-293(a).
For the foregoing reasons, the intervening plaintiff's motion for apportionment should be and is hereby denied.
L. SCOTT MELVILLE, JUDGE CT Page 7138