[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#167.01)
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). In testing legal sufficiency, "the court will construe the pleading in a manner most favorable to the nonmovant by considering the factual allegations of the pleading to be true." Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford,39 Conn. Sup. 129, 131, 471 A.2d 679 (Super.Ct. 1983). A motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Wesson v. Milford, 5 Conn. App. 369,372, 498 A.2d 505 (1985). "If a complaint contains the necessary elements of a cause of action, it will survive a motion to strike." Malizia v. Anderson, 42 Conn. Sup. 1 114, 116,602 A.2d 1076 (1991, Ryan, J.). A motion to strike is the proper vehicle by which to contest the legal sufficiency of a special defense. Practice Book 152.
CT Page 10451 The legal sufficiency of defendants' special defense is at issue in the case at bar. Defendants' special defense to the intervening complaint, filed September 19, 1991, is that plaintiff employee was negligent so as to be proximately responsible for bringing about her own injuries.
Intervening plaintiff filed a motion to strike the special defense on the ground that the comparative negligence of plaintiff employee was inappropriate to raise against the intervening complaint. Intervening plaintiff's memorandum in support of its motion (a duplicate of the memorandum filed and considered by Judge Rush in the prior motion to strike) states that General Statutes31-293 gives an employer a wholly statutory cause of action. Intervening plaintiff alleges that comparative negligence is an appropriate defense in negligence actions but not in actions brought under statute. Further, intervening plaintiff claims that the statute limits its action to one of apportionment upon a recovery by the plaintiff employee. Thus, its claim is no greater than that of the plaintiff employee, and, therefore, the special defense, while appropriate against the plaintiff employee, should be stricken as against the intervening plaintiff.
In their memorandum of law in opposition to the Motion to Strike, defendants claim that General Statutes 31-293 gives an employer no greater rights to recover damages than that of the injured employee. Thus, since plaintiff employee's negligence has a direct effect on her claim, it would affect intervening plaintiff's claim. Defendants assert in their memorandum that by allowing the special defense to stand against plaintiff employee, but not against intervening plaintiff, the latter would have a greater right of action.
 [General Statutes 31-293] "allows both employers and employees to bring an action against a third party who is allegedly responsible for the employee's injury. By allowing either an employer or an employee to bring an action, the law seeks to vindicate both the employee's interest in receiving the full scope of tort damages that remain uncompensated by a workers' compensation award and the employer's interest in being reimbursed for payments made because of the third party's malfeasance."
Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485, 488,528 A.2d 826 (1987). The statute provides in relevant part:
CT Page 10452 (a) When any injury for which compensation is payable under the provisions of this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may claim compensation under the provisions of this chapter, but the payment or award of compensation shall not affect the claim or right of action of such injured employee against such other person, but such injured employee may proceed at law against such person to recover damages for such injury; and any employee having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. . . . If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery.
General Statutes 31-293.
The right of an employer to bring suit is derived from the employee's right. Stavola v. Palmer, 136 Conn. 670, 678,73 A.2d 831 (1950). Thus, an employer has no cause of action unless the employee has a cause of action; the employer cannot recover any more than the employee himself could recover. Id. However, "the right of reimbursement which the employer has, although derived from the right of the employee, is a separate right vested in [the employer] by the statute." Id. "Since the employer's rights under the statute derive from and are dependant upon the employee's rights, negligence on the part of the employee affects the employer's right to recover against the third party." Air Flo, Inc. v. Consolidated Engineers Constructors. Inc., 5 CTLR 460, 462 (January 13, 1992, Fuller, J.), citing Mickel v. New England Coal Coke Co. Conn. 671 47 A.2d 187 (1946).
Section 310296 discusses two courses an employer may take. First, the statute "allows an employer to bring suit, even without the participation of the injured employee, to recover sums paid out as workers' compensation." Peterson v. St. Mary's Hospital, 7 CTLR CT Page 10453 251 (August 18, 1992, Cofield, J.). Second, where an employee has commenced the action, the employer may join in the action. Mickel v. New England Coal Coke Co., 132 Conn. 671, 680, 47 A.2d 187
(1946). In the latter course, "the employer's sole right is to have apportioned to [it] so much of the damages due the employee as [it] has a right to receive. . . ." Id. The legal sufficiency of the special defense at issue is dependent upon which course the intervening plaintiff took.
As noted earlier, "[a]n employer's right under the Work[ers'] Compensation Act to recover from a third party who caused the employee's injuries. . .is one derived from the employee." Southland Corp. v. Self, 36 Conn. Sup. 317, 319, 419 A.2d 907
(Super.Ct. 1980). In Southland, the employee was effectively barred from bringing suit by the "no-fault" statute. Id. However, the employer brought suit by way of 31-293. Id. The defendants raised the "No-Fault" statute as a special defense. Id. The court, in validating the special defense, stated that "[t]he employer by virtue of its [workers' compensation] payments stands in no better position than its employee and any defenses against the employee can be maintained against the employer." Id., 320. In another case brought by an employer under 31-293, the court reasoned "[i]nasmuch as the comparative negligence of an employee would limit [an employer's] recovery, it should be allowed to stand as a defense against the plaintiff employer." Regal Steel. Inc. v. Farmington Ready Mix, Inc., 36 Conn. Sup. 137, 140, 414 A.2d 816
(Super.Ct. 1980). In a more recent Superior Court decision, an employee's comparative negligence was a legally sufficient special defense raised against an employer where the employee was not a party to the action. Air Flo. Inc. v. Consolidated Engineers and Constructors Inc., supra.
Where an employer does not bring the action but instead is an intervening plaintiff in the employer's suit, "the right which the intervening plaintiff is exercising is not one to recover damages for the wrong allegedly done his employee, but one conferred by statute. . . ." Kuznasoff v. Van Loan, 10 Conn. Sup. 508, 510 (Super. Ct. 1942). The intervening plaintiff's "claim is upon a fund [,] if and when that fund comes into existence. . . ." Id., 510-511. An intervening plaintiff's right to share in this contingent fund is not dependent upon his proving that the defendant was guilty of negligence. Id., 511. That burden rests with the plaintiff employee who brings the action. Id. If the plaintiff employee is awarded damages, the intervening plaintiff need only establish that it has paid compensation or has become obligated to do so. Id. CT Page 10454 But if the employer had instituted the action in the first place, instead of intervening, the employer would not be bringing its own cause but instead that of the injured employee. Id. Thus, the defenses available to the defendant against the employer in that instance would be those which would apply to the employee. Id. Judge Rush recently ruled on a Motion to Strike filed by intervening plaintiff regarding a Special Defense filed by another defendant in this same action. Judge Rush struck the Special Defense which alleged negligence on the part of plaintiff employee. This ruling can be found at 5 CLRT 239 (November 12, 1991, Rush, J.). The issue and the parties in the case at bar are identical to the case decided by Judge Rush but for the identity of the defendants who oppose the Motion to Strike.
The intervening plaintiff's complaint seeks only an apportionment of any damages that may be awarded to plaintiff employee. Plaintiff employee instituted the underlying action and has the burden of proving defendants' negligence. Therefore, the special defense of plaintiff employee's comparative negligence is legally sufficient as against the plaintiff employee's complaint. However, although plaintiff employee's comparative negligence, if asserted against plaintiff employee, would affect intervening plaintiff's possible recovery by necessarily altering the amount to be apportioned, such a defense is not legally sufficient against the intervening complaint.
The comparative negligence of plaintiff employee would not prevent intervening plaintiff from getting apportionment of any damages awarded, no matter how little, to plaintiff employee. The special defense asserted against the intervening complaint is of no effect.
The intervening plaintiff has no greater rights than the plaintiff employee. The intervening plaintiff is constructively reached by the special defense asserted against the plaintiff employee in that there may be a reduction in the amount to be apportioned. If the plaintiff employee recovers nothing due to her negligence, intervening plaintiff will also recover nothing. Plaintiff employee must have a cause of action and must be awarded damages before intervening plaintiff can recover anything. Therefore, the special defense asserted in response to the intervening plaintiff's Motion to Strike defendants' Special Defense is therefore granted.
SYLVESTER, J. CT Page 10455