[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKETENTRY NO. 178)
The plaintiff, Cheryl Mendenhall, filed her complaint against Connecticut Post Limited Partnership (the defendant), alleging that on or about January 17, 1994, she slipped and fell on ice and snow while chasing a shoplifter. Mendenhall's employer, Wiz Distributors Limited (The Wiz), intervened on November 14, 1996, seeking recovery from the defendant as well as co-defendant LaFlamme Services, Inc. (LaFlamme), the party allegedly CT Page 11528 responsible for the removal of snow and ice from the defendant's property. Subsequently, on September 14, 1997, Mendenhall withdrew her action against the defendant and LaFlamme.
The defendant now seeks summary judgment on the intervening complaint on the ground that The Wiz's case as an intervenor is no longer viable without Mendenhall's underlying action. The defendant also claims that The Wiz waived its right to file an action against the defendant when it signed a lease containing a hold harmless clause. The Wiz claims that there are genuine issues of material fact in dispute, and therefore summary judgment should not enter. The matter was heard by the court on October 27, 1997.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.)Thompson and Peck, Inc. v. Division Drywall, Inc.,241 Conn. 370, 374, 696 A.2d 326 (1997). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id.
The defendant argues that General Statutes § 31-293 (a) gives two choices to an employer considering whether to intervene in an employee/plaintiff's tort action to recover monies paid out as worker's compensation. The employer may file a direct action against the third party tortfeasor, or in the alternative, may intervene as a co-plaintiff, in which case the employer's statutory right to reimbursement is dependent on the liability of the third party to the employee. The defendant claims that here, The Wiz has opted to take the second route, and therefore may not proceed in its intervening action, because such an action is derivative of Mendenhall's subsequently abandoned action. Therefore, defendant argues, The Wiz now has no claim against the defendant, since any right to recovery would be premised on Mendenhall prevailing against the defendant or LaFlamme, which CT Page 11529 has become an impossibility.
The defendant also relies on a hold harmless clause contained in the lease signed by the defendant and The Wiz on February 18, 1993. The defendant argues that the lease provision creates an independent relationship between it and The Wiz, and that the defendant has available to it the defense of waiver.
The Wiz argues that its claim is independent of Mendenhall's, and that Mendenhall did not check off the dispositive withdrawal box because an intervening complaint remained pending in the case. Furthermore, the Wiz argues that the form specifically allows a first party plaintiff to withdraw from a case, while allowing an intervening plaintiff to remain. The Wiz agrees with the defendant that as an employer, it could either file a direct action against the defendants, or intervene in Mendenhall's action. The Wiz argues, however, that once Mendenhall filed her complaint, it could only intervene. The Wiz also argues that the defendant's claim that once an employee withdraws from a case, the intervening employer no longer has a claim, has been rejected in Snagg v. Eastman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 266907, (July 28, 1992) (Melville, J.) (7 CONN. L. RPTR. 172).
Finally, the Wiz argues that it has not waived its right to assert a claim against the defendant by signing the lease containing the hold harmless agreement, because the defendant is not protected against claims made against it based upon its own negligence by the very terms of the agreement.
A. Employer's Independent Derivative Cause of Action
"[A]n employer has a general right to be reimbursed from a third party tortfeasor for benefits paid to an employee for injuries caused by the third party. This right is established by . . . § 31-293,[1] which allows both employers and employees to bring an action against a third party who is allegedly responsible for the employee's injury. By allowing either an employer or an employee to bring an action, the law seeks to vindicate both the employee's interest in receiving the full scope of tort damages that remain uncompensated by a workers' compensation award and the employer's interest in being reimbursed for payments made because of the third party's malfeasance." (Internal quotation marks omitted.) Libby v.Goodwin Pontiac-GMC Truck, Inc., 241 Conn. 170, 175-76, CT Page 11530695 A.2d 1036 (1997). "General Statutes [§] 31-293 allows the employer, the subrogatee, to assert his right to reimbursement for benefits paid provided that he complies with certain procedures, namely compliance with the thirty day intervention procedures. In so doing the employer is not asserting a separate and distinct claim against the tortfeasor. Rather he is asserting his right to a share of the proceeds which it is anticipated will be paid by the tortfeasor resulting from the successful prosecution of the singular cause of action." Hannon v. Meriden SquarePartnership, Superior Court, judicial district of Waterbury, Docket No. 117279 (April 25, 1996) (Sullivan, J.) (16 CONN. L. RPTR. 560, 561).
Based upon the court's holding in Snagg v. Eastman, supra, 7 CONN. L. RPTR. 172,[2] The Wiz may proceed with its claim as an intervening plaintiff absent Mendenhall. "This right of action, although termed `derivative' of the employee's claim, does not require that [the employee] be joined as a party . . . to enforce [the employer's] derivative right." (Internal quotation marks omitted.) Snagg v. Eastman, supra, 7 CONN. L. RPTR. 173. "The employer's right to reimbursement is derivative of the employee's right merely to the extent that he has no cause of action, and he cannot recover any more than the employee himself . . . could recover." (Internal quotation marks omitted.)Id. See also Robinson v. Faulkner, 163 Conn. 365, 377-78,306 A.2d 857 (1972) (the right which employer is given is his; it is a right vested in the employer exclusively; it is not the right of the employee); Southland Corp. v. Self, 36 Conn. Sup. 317,319, 419 A.2d 907 (1980) (right of employer depends upon employee's right to the extent that employer has no cause of action unless employee has a cause of action); Regal Steel, Inc.v. Farmington Ready Mix, Inc., 36 Conn. Sup. 137, 139,414 A.2d 816 (1980) ("The plaintiff's right to bring this action is grounded in § 31-293 . . . which provides the employer with an independent cause of action against a third party to recover benefits paid").
The court in Snagg, although presented with facts which included a settlement and then a withdrawal by the first party plaintiff, cited principles that are nevertheless applicable here, where Mendenhall withdrew her claims without a settlement. It is submitted that this court should adopt the Snagg court's conclusion that "General Statutes § 31-293 (a) should not be construed in any manner that serves to undercut the legislative intention manifested by a grant of independent rights to the CT Page 11531 employee and employer." Snagg v. Eastman, supra, 7 CONN. L. RPTR. 173. "It would be illogical to construe General Statutes §31-293 (a) in a way that renders an intervening employer's rights dependent upon the absence or presence of the employee, whereby the employee may withdraw from the action after settlement and thereby deprive the intervening employer of its statutory right of reimbursement." Id. Likewise, an employer who properly intervenes in a first party plaintiff's action should not be deprived of its independent right of reimbursement for monies paid out in the form of worker's compensation benefits, merely because the first party plaintiff withdraws his or her claims. The intervening plaintiff should "[retain] a continuing right of action against the tortfeasor pursuant to the intervening complaint. This satisfies the requirement that an employer must prove legal liability of the third party before it can seek reimbursement." Id., 173-74.
B. Hold Harmless Clause
Section 11.03 of the lease entered into by the defendant and The Wiz on February 18, 1993 states in pertinent part: "Tenant covenants to defend and indemnify landlord . . . and save [Landlord] harmless (except to the extent of loss or damage resulting from the intentional or wilful acts or the negligence of Landlord, not required to be insured against by Tenant . . .) from any and all claims . . . . In case Landlord . . . shall, without fault, be made a party to any litigation commenced by or against Tenant, then Tenant shall defend, indemnify, protect and save [Landlord] harmless . . . ."
The hold harmless clause is constructed in such a manner that the defendant is to be held harmless where, without fault, it is made a party to litigation commenced by or against the tenant, The Wiz. Here, Mendenhall, and not The Wiz, has commenced the litigation against the defendant. This raises a question of law as to whether the parties intended a tenant acting as an intervening plaintiff to be bound by the clause. Bank of BostonConnecticut v. Schlessinger, 220 Conn. 152, 158, 595 A.2d 872
(1990) (where there is definitive contract language, the determination of what the parties intended is question of law). It is submitted that when construing the language of the hold harmless clause in the light most favorable to the non-drafter, The Wiz, it is doubtful that the clause would cover suits where The Wiz joined a suit commenced by its employee as an intervening plaintiff. See Hartford Electric Applicators of Thermalux v.
CT Page 11532Alden, 169 Conn. 177, 182, 363 A.2d 135 (1975) (when there is an ambiguity, we must construe contractual terms against the drafter).
Whether the losses suffered by The Wiz were a result of the negligence of the defendant is a material issue of fact. "Since negligence is usually a question of fact, not law . . . summary judgment would not be appropriate in such a case." (Citation omitted.) DeMotses v. Leonard Schwartz Nissan, Inc.,22 Conn. App. 464, 467, 578 A.2d 144 (1990).
Because the defendant's use of the clause to raise a defense of waiver depends on a question of fact — whether The Wiz can show that the defendant was negligent — the defendant's motion for summary judgment is denied.
SKOLNICK, J.