[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
TRUSS-TECH, INC. MOTION FOR SUMMARY JUDGMENT UNDER TWELFTH COUNT
The sole basis of this motion for summary judgment is defendant is not liable under the twelfth count because that count is based on our product liability statute, C.G.S. Sec. 52-572m et seq., and this defendant is not a "product seller" under that statute.
FACTS
Truss-Tech, Inc. was at all times relevant to this action responsible for the assembly, fabrication, construction, preparation and manufacture of trusses used to support roofs at the Carl Robinson Correctional Institute in Enfield, Connecticut. CT Page 3286
The court cannot find the price per truss nor that the transaction was a service.[1]
The court cannot find that the defendant was not a product seller. Cf. Regal Steel, Inc. v. Farmington Ready Mix Inc. 36 Conn. Sup. 137.
LAW
The section of the statute to be considered reads as follows:
 "Sec. 52-572m. Productability actions. Definitions. As used in this section and sections 52-240a, 52-240b, 52-572n to 52-572r, inclusive, and 52-577a:
 (a) "Product seller" means any person or entity, including manufacturer, wholesaler, distributor or retailer who is engaged in the business of selling such products whether the sale is for resale or for use or consumption. The term "product seller" also includes lessors or bailors of products who are engaged in the business of leasing or bailment of products."
Defendant claims it is not a product seller and moves for summary judgment.
Although a building affixed to real property is not a product each of its component parts may be ; e.g., nails , window glass, shingles, electrical wire, door knobs, etc.
The movant must show "the absence of genuine issue" as to any material facts which, under appreciable law, entitle him to judgment as a matter of law. Plouffe v. New York, N.H. H.R. Co. 160 Conn. 482, 488. Defendant has failed to do that. Motion denied.
N. O'Neill, J.