[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The issues before the court are:
1. whether the plaintiffs have alleged facts sufficient to state a cause action in their first count; and,
2. whether the grounds upon which the defendants move to strike the sixth count of the complaint are appropriate.
The plaintiffs are three African American males and one Jamaican citizen. The defendants are Bridgeport police officers. The complaint, which is in seven counts, alleges that the plaintiffs were inside plaintiff David Gordon's "West Side Restaurant and Variety Store" in Bridgeport on December 6, 1989 when the defendants burst in, guns drawn and yelled "Freeze, niggers!", after which the various plaintiffs were searched, thrown to the floor, handcuffed in some cases, arrested in some cases and robbed of their belongings in some cases by the defendants. The complaint alleges that the establishment's cash register was also looted by the officers and the store ransacked. The search and seizure was reported by the police to be pursuant to a legally obtained warrant. (Police report, December 6, 1989, p. 1). It is alleged in the complaint that no evidence receipts were filled out as regards to the confiscated money and that the money was never returned.
The plaintiffs filed suit in Superior Court alleging violations of their civil rights giving rise to actions under42 U.S.C. § 1981, 1983, 1986 and 1988, false arrest, false imprisonment, malicious prosecution, assault and battery, negligent infliction of emotional distress, and conversion. The defendants have moved to strike the first count of the complaint, which alleges federal law violations, and the sixth count of the complaint, which alleges negligent infliction of emotional distress.
A motion to strike test the legal sufficiency of a pleading. Connecticut Practice Book 152 (rev'd to 1978, updated to October 1, 1989); Mingachos v. CBS, Inc.196 Conn. 91, 108 (1985). The allegations of the challenged pleading are to be construed in the manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82 (1980). The motion must fail if the facts provable under the allegations would support a cause of action. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545 (1980).
More particularly, a motion to strike may not be used to CT Page 4406 clean up the complaint, so as to eliminate irrelevant or immaterial allegations. Regal Steel, Inc. v. Farmington Ready Mix, Inc., 36 Conn. Sup. 137, 139-40. The separation of causes of action, so as to enable the movant to strike those deemed vulnerable, is properly accomplished by a request to revise. Conn. Practice Bk. 147(3).
1. Does The First Count of The Complaint State A Cause Of Action?
The defendants move to strike those portions of the first count which allege violations of 42 U.S.C. § 1981 and 1986. The motion to strike makes no reference to the claims under42 U.S.C. § 1983 and 1988. The rules of practice requires a defendant in these circumstances to file a request to revise.
See, e.g., Rowe v. Godou, 209 Conn. 273, 279 (1988):
 Since there was nothing to prevent those two possible causes of action from being joined in the same complaint, however, the proper way to cure any confusion in that regard is to file a [request] to revise, not a motion to strike. . . If a request to revise had been granted and complied with, the defendants would then have been in a position to strike any count of the plaintiff's revised complaint pertaining to their respective liabilities for which the plaintiff was unable to allege the necessary prerequisites.
The language of Practice Book 152 is clear in specifying that a single count of a complaint is indivisible for purposes of a motion to strike:
 Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or of any one or more counts thereof, to state a claim. . . .
Since the motion to strike admits all facts well pleaded; Mingachos, 196 Conn. at 108; and since it must fail if any part of the count attached is viable; Doyle v. A P Realty Corp., 36 Conn. Sup. 126-27 (1980); 1 Stevenson, Conn. Civ. Proc. (2d Ed. 1970) 116(d) ("Motion to Strike may not be addressed to separate paragraphs of the count . . . If one wishes to take exception to separate paragraphs of the pleading, proper procedure is to file an appropriate motion addressed to the pleadings"); the motion here must fail if CT Page 4407 the first count alleges facts sufficient to state any cause of action.
At the minimum, it is found that the facts alleged by the plaintiffs in the first count (at paragraphs 7 through 10) support a cause of action for conversion of chattels. Furthermore, the first count, construed favorably to the plaintiffs for the purposes of the motion, contains factual allegations sufficient to support a cause of action under42 U.S.C. § 1983: the defendants, under color of state law, are alleged to have violated the plaintiffs' rights under the Fourth, Fifth and Eighth Amendment to the Federal Constitution.
Paragraph 5 substantiates the Fourth and Eighth Amendment and paragraphs 7-10 support the Fifth Amendment claim (taking of property without due process).
Accordingly, the first count under the applicable Rules of Practice, survives the motion to strike, because it contains factual allegations that support at least one cause of action.
2. Is the Motion to Strike the Sixth Count Brought on Appropriate Grounds?
The defendants, in their memorandum in support of the motion to strike the sixth count, state that the cause of action for negligent infliction of emotional distress requires the pleading and proof of either "an intent . . . which would rise to the level of a cause of action. . ." (Defendants' Memo, p. 5), or "that [the defendant] foresaw that his conduct would cause emotional distress." (Id.) In other words, the defendants have moved to strike on the basis that the plaintiffs failed to allege intent or actual knowledge.
This misstates the requisite elements of the cause of action. "[T]he plaintiff does have the burden of pleading and establishing that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress. . . ." Morris v. Hartford Courant Co., 200 Conn. 676,683 (1986). (In other words, constructive knowledge is sufficient.) Therefore, the grounds upon which the defendants have moved to strike the sixth count are inappropriate. As the trial court may consider only those grounds specified by the movant in passing upon a motion to strike; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); the court should not further scrutinize the sixth count for other technical failings. The ground advanced by the defendants being inappropriate, the court must deny the motion. CT Page 4408
The motion is denied.
McGRATH, JUDGE