[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendant's motion to strike the Plaintiff's Special Defenses as to Defendant's counterclaim. The Court will address only the Special Defenses to Count One of the revised counterclaim since all other objections have been withdrawn.
The basis of defendant's motion is that the plaintiff's special defenses are "legally insufficient" and are "irrelevant and immaterial." Nothing more is said to support these allegations.
The purpose of a motion to strike is to test the legal sufficiency of the pleading, Ferryman v. Groton,212 Conn. 138, 142 (1989); and can be filed to contest "the legal sufficiency of any answer. . . including any special defense contained therein." Connecticut Practice Book Section 152(5) (rev'd to 1978, as updated to October 1, 1990). The motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985) (citations omitted).
A motion to strike raising a claim of legal insufficiency shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each claimed insufficiency. Connecticut Practice Book Section 154 (rev'd to 1978, as updated to October 1, 1990).
Irrelevancy and immateriality are improper grounds to support a motion to strike. See Regal Steel v. Farmington Ready Mix, Inc., 36 Conn. Sup. 137, 139-40 (Super.Ct. 1980). The proper vehicle to raise this claim is by a request to revise.
Motion is denied.
Mihalakos, J. CT Page 3115