[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
The plaintiff, Connecticut Savings Bank, filed this foreclosure action against the defendants Moose Meadow Development, Inc., Harry Hirsch and Lewasdoski Construction Co., Inc. Hirsh filed an answer and special defense on May 16, 1991. The special defense alleges that Hirsh is the guarantor of the note and mortgage from Moose Meadow to the plaintiff. Hirsh alleges that the plaintiff claims that no payment on the note and mortgage had been made since May of 1990 but the writ, summons and complaint in this action against were not prepared until January 9, 1991. Hirsch alleges that "[t]he plaintiff's unreasonable delay in filing this action against Moose Meadow Development, Inc. has adversely affected the Defendant, Harry Hirsch's position and may cause substantial monetary loss to the Defendant, Harry Hirsch" and that "[t]he plaintiffs [sic] unreasonable delay in the enforcement of the note and mortgage against Moose Meadow Development, Inc. constitutes a defense as to the defendant, Harry Hirsch." (Special Defense, paras. 5, 6).
The plaintiff filed a motion to strike the special defense on July 23, 1991, accompanied by a memorandum of law in support of its motion. The defendant filed a memorandum of law in opposition to the plaintiff's motion on August 2, 1991.
A motion to strike is the proper vehicle for contesting the legal sufficiency of a special defense. Conn. Practice Book Sec. 152(5); see Passini v. Decker, 39 Conn. Sup. 20,21 (Super.Ct. 1983). A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). CT Page 8668
The plaintiff's memorandum of law contains a statement of facts not alleged in the complaint or the special defense. (See Plaintiff's memorandum, p. 4). The plaintiff's motion to strike is a "speaking" motion and the court cannot consider those facts. See Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181 (1979); Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348-49 (1990).
The plaintiff's motion also fails to comply with Conn. Practice Book Sec. 154 which provides that "each motion to strike. . .shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." See Blancato v. Feldspar Corp., 203 Conn. 34, 36 n. 3 (1987). The plaintiff's motion states that "[t]he Motion to Strike is made for the reason that said Special Defense is irrelevant and legally insufficient and should be stricken pursuant to Practice Book Section 152(5)." A general claim that the pleading does not state a cause of action does not comply with section 154. Connecticut State Oil Co.,36 Conn. Sup. at 181. The irrelevancy or immateriality of allegations in a pleading are not proper grounds for a motion to strike. Regal v. Farmington Ready Mix, Inc., 36 Conn. Sup. 137,139-40 (1980). The memorandum of law which the plaintiff filed in support of its motion does not adequately supplement the motion in order to make it sufficiently specific to comply with Practice Book Sec. 154; see Rowe v. Godou,12 Conn. App. 538, 541 (1987), rev'd on other grounds, 209 Conn. 273
(1988); King v. Board of Education, 195 Conn. 90, 94 n. 4 (1985); because the plaintiff's memorandum of law cites no legal authority in support of its claim that the special defense is legally insufficient. Conn. Practice Book Sec. 155 and 204 require that a motion to strike be accompanied by a memorandum of law citing the legal authorities upon which the motion relies. The plaintiff's memorandum is "functionally equivalent to no memorandum at all." Palmieri v. Greaux, 2 CSCR 889 (July 21, 1987, Schaller, J.)
The motion to strike is denied for failure to comply with the requirements of the practice book.
Hon. Philip Dunn Superior Court Judge