[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to strike (#211, February 24, 1992) in this personal injury action presents two issues: the so-called relation back doctrine in order to avoid a statute of limitations defense, and whether one can plead both negligence and product liability causes of action.
The original pleading in this case is dated October 27, 1986, and is in four counts: (i) negligence on the part of one Elizabeth Sawyer while operating her motor vehicle near the intersection of Barnum Avenue Cutoff and Longbrook Avenue in Stratford on November 12, 1984[1]: (ii) a claim against the Town of Stratford for "nuisance" arising out of an alleged malfunctioning traffic light[2]; (iii) a claim under the highway defect statute, General Statutes 13a-149; and (iv) a claim against Rosenshien Associates, Inc. (Rosenshien), the developer of a shopping center at the above intersection. It is claimed that this defendant "designed and/or installed" the alleged malfunctioning traffic light, and that it knew or should have known that the light was "dangerous and defective." This appears to assert a negligence claim, as certainly there is no reference to the product liability statute, General Statutes 52-572m et seq.
The plaintiff, Bonnie Loehn, has filed an amended complaint dated October 8, 1991, which is in three counts: (i) the first reiterates the nuisance claim against Stratford; (ii) the second claims that Rosenshien was negligent in a number of ways, including failing to test the traffic light, in delaying its installation, in failing to have an overhead warning sign, and CT Page 5094 also with respect to the "design of the driveway and traffic signal," claiming inadequate sight distances along both the railroad crest and Route 1; and (iii) against Rosenshien under the product liability law, General Statutes 52-572m et seq., asserting that the traffic light was defective in that it was in a flashing rather that a red-green mode.[3]
Rosenshien's motion to strike, Practice Book 155, count two of the amended complaint dated October 8, 1991, claims that this count asserts a new cause of action, and thus violates the applicable two year statute of limitations for personal injury caused by negligence, General Statutes 52-584, because it does not "relate back" to the plaintiff's original complaint. Keenan v. Yale New Haven Hospital, 167 Conn. 284, 285, 355 A.2d 253 (1974). Paragraph 15(a) of the amended complaint relates back to the original complaint as it alleges a failure to properly test the traffic signal, as does subparagraph (b) claiming there was a delay in installing the signal. However, subparagraphs (c), (d) and (e) are of a different nature, as they involve the "absence of an overhead warning sign" and a claim that the "design" of the driveway and traffic signal resulted in inadequate "sight distance." There has thus been a change from allegations of a malfunctioning and defective traffic light to a claim about a faulty design of a driveway including inadequate sight distances. These latter allegations do not relate back to the original complaint under Patterson v. Szabo Food Service of New York, Inc.,14 Conn. App. 178, 183, 540 A.2d 99 (1988), where the plaintiff's original complaint alleged that the defendant failed to adequately clean a floor, but the substitute complaint referred to the installation of the floor and the employment of a certain method of food distribution. This was deemed to constitute "an entirely new and different factual situation," and hence "a new and different cause of action."
The plaintiff in this case has introduced for the first time allegations concerning design defects relating to the absence of an overhead warning sign, and also to inadequate sight distances. This states a new and different cause of action. I believe our rules do not permit the striking solely of parts of a count, viz. subparagraphs (c), (d) and (e), but rather require the striking of the whole second count on statute of limitations grounds, although subparagraphs (a) and (b) do relate back to the original complaint.
Rosenshien's other ground for striking the second count of the amended complaint is the exclusivity provision of the product liability statute, General Statutes 52-572n(a), which states that a product liability claim "shall be in lieu of all other claims against a product seller, including actions of negligence. . . ." The defendant argues that since the third count CT Page 5095 is a claim in product liability, the negligence cause of action in count two must be stricken.
Since count two is being stricken on statute of limitations grounds, this argument need not be addressed. However, if the plaintiff chooses to plead over, and include the negligence allegations found to relate back to the original complaint, the exclusivity issue could rise again.
Burkert v. Petrol Plus of Naugatuck Inc., 216 Conn. 65, 73,579 A.2d 26 (1990), holds that the exclusivity provision of the product liability statute only applies to actions against product sellers. General Statutes 52-572m(a). "[w]e conclude that the statute does not foreclose common law claims against those who are not product sellers. . . ."
In this case it is not clear whether Rosenshien is a product seller. If this defendant concedes in its answer that it is a product seller, then a motion to strike a repleaded negligence count would be in order.
The second count of the October 8, 1991 complaint is stricken as several of its allegations of negligence fail to relate back to the original complaint, and thus implicate the two-year statute of limitations.
So Ordered.
Dated at Bridgeport, Connecticut, this 4th day of June, 1992.
WILLIAM B. LEWIS, JUDGE