[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bonnie Loehn, alleges that she suffered injuries as a result of a motor vehicle accident which occurred at the entrance to the Stratford Square Shopping Center on November 12, 1984. The plaintiff alleges that the accident was proximately caused by a defective traffic signal which was installed by the defendant Rosenshein Associates, Inc. (Rosenshein), a shopping center developer.
The plaintiff filed her original four count complaint on November 12, 1986. Count four alleges negligence on the part of Rosenshein for improperly installing and maintaining the allegedly defective traffic signal. (The first three counts were brought against defendants who are no longer a part of this action).
The plaintiff filed an amended three count complaint on April 12, 1990. Count three alleges a product liability claim Rosenshein. (The first two counts were brought against a defendant who is no longer a party to this action). The plaintiff filed another amended two count complaint on August 16, 1991. Count two alleges a product liability claim against Rosenshein.
On October 8, 1991, the plaintiff filed another amended three count complaint. Count two alleges that Rosenshein was negligent because it installed a defective traffic signal, and because of the way the intersection at the entrance of the shopping center was designed. Count three alleges that Rosenshein is a "product seller" within the meaning of General Statutes 52-572n(a), and alleges that Rosenshein manufactured, sold, and distributed a defective product. (Count one was brought against a defendant who is no longer a party to the action).
On February 25, 1992, Rosenshein filed a motion to strike count two of the plaintiff's amended complaint on the grounds that this count, which sounds in negligence, is precluded by the "exclusive remedy" language of General Statutes 52-572n, and on the grounds that this count does not "relate back" and therefore violates the two-year statute of limitations.
On June 4, 1992, the undersigned granted the defendant's motion to strike (#216). See Loehn v. Pusch, 7 CSCR 808 (July 13, 1992, Lewis, J.). In so doing, the court ruled that the plaintiff's amended complaint, which contained new allegations CT Page 8280 concerning the defective design of the intersection, did not "relate back" to the negligence claim in the original complaint (which concerned a malfunctioning traffic signal), and therefore violated the statute of limitations. However, it was noted that the plaintiff could assert a negligence claim provided that it "relates back" to the negligence count contained in the original complaint i.e., provided that the amended complaint alleges facts which are limited to the malfunctioning traffic signal).
On June 10, 1992, the plaintiff filed a substituted complaint. The first count asserts a negligence claim against Rosenshein. The second count asserts a product liability claim against Rosenshein. On June 15, 1992, Rosenshein filed a motion (#224) to strike the first and second counts of the plaintiff's substituted complaint.
Rosenshein moves to strike the first count on the grounds that it fails to "relate back" and violates the statute of limitations. The motion to strike the second count claims that it fails to "relate back" and violates the statute of limitations. This is the first time that Rosenshein is moving to strike the plaintiff's product liability claim.
A. Motion to Strike Count One (Negligence)
In support of its motion to strike the first count of the plaintiff's substituted complaint, Rosenshein argues that the plaintiff's negligence claim is "inherently defective" because paragraph 8 mentions "poor sight distance" and paragraph 9 mentions the lack of an "overhead warning sign," and that it had previously been ruled (in granting motion to strike #211) that these new allegations did not "relate back" to the plaintiff's original negligence claim. Rosenshein also argues that the plaintiff withdrew its negligence claim, and that the plaintiff's new negligence claim does not "relate back" to the product liability claim contained in the plaintiff's amended complaint which was filed on April 12, 1990.
1. Negligence: Relation Back
The defendant's first ground for striking count one is that this count fails to "relate back" to the plaintiff's original complaint. In granting motion to strike #211, the court ruled that count four of the plaintiff's original complaint sounded in negligence. In count one of the June 10, 1992 substituted complaint, the plaintiff alleges, inter alia, that "[s]aid collision was caused by the malfunctioning traffic light," and "said traffic control signal was designed . . . by . . . Rosenshein . . . who knew or through reasonable diligence, should have known that . . . said signal was dangerous and defective. . ." CT Page 8281
The test for the relation back doctrine is whether the substitute complaint "relates back" to the original complaint. (Emphasis added). See Gurliacci v. Mayer, 218 Conn. 531, 547,590 A.2d 914 (1991); Sharp v. Mitchell, 209 Conn. 59, 72,546 A.2d 846 (1988); Giglio v. Connecticut Light Power, 180 Conn. 230,239-40, 429 A.2d 486 (1980). "An amended complaint, if permitted, relates back and is treated as filed at the time of the original complaint, unless it alleges a new cause of action." (Emphasis added). Keenan v. Yale-New Haven Hospital,167 Conn. 284, 285, 355 A.2d 253 (1974). "To relate back to the institution of the action, the amendment must arise from a single group of facts." Id. "The policy behind [the relation back doctrine] is that a party, once notified of litigation based upon a particular transaction or occurrence, has been provided with all the notice that statutes of limitations are intended to afford." Gurliacci v. Mayer, supra, 547.
Count four of the plaintiff's original complaint sounded in negligence, and alleged that "said collision was caused by a malfunctioning traffic light. . . ." The plaintiff's substituted complaint contains the same negligence claim. Therefore, count one of the plaintiff's substituted complaint "relates back" to the original complaint, and the defendant's motion to strike count one of the plaintiff's substituted complaint on this ground is denied.
The defendant's claim that the plaintiff "abandoned" her negligence claim is without merit. The defendant, in making this argument, relies on Royce v. Westport, 183 Conn. 177,439 A.2d 298 (1981), which states that "[t]he filing of the amended pleading is a withdrawal of the original pleading." Id., at 179. While this broad rule might seem on its surface to support the defendant's position, it does not apply to the relation back doctrine. The Royce case pertains to a situation where the court grants a defendant's motion to strike and the plaintiff must choose between either amending his pleading, or standing on his original pleading and allowing judgment to be rendered against him so that he can appeal the granting of the motion to strike. If the plaintiff chooses to file an amended pleading (instead of appealing), then:
 [t]he filing of an amended pleading operates as a waiver of the right to claim that there was error in the [granting of the motion to strike] the original pleading. . . . When a [motion to strike is granted] and the pleading to which it was directed is amended, that amendment acts to remove the original CT Page 8282 pleading and the [motion to strike] thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading. . . . It is thus clear that a plaintiff cannot file an amendment after the sustaining of a [motion to strike] and, at the same time, appeal from a decision [granting the motion to strike]. . . .
Id.
The Connecticut Supreme Court has not applied this rationale to "relation back" cases where amended and substituted complaints had been filed well beyond the applicable statute of limitations period. See e.g.; Sharp v. Mitchell, supra, 62-63; Jonap v. Silver, 1 Conn. App. 550, 552 n. 3, 474 A.2d 800 (1980).
2. Removing Paragraphs 8 and 9
As an alternative ground for striking count one, the defendant seeks to strike that count because the plaintiff's substituted complaint contains the following allegations:
 8. At said time and place, traffic approaching the new Shopping Center driveway from the west had poor sight distance because of a crest over a railroad bridge located directly to the west of the Shopping Center driveway.
 9. At said time and place, there was no overhead warning sign to alert drivers to the new Shopping Center driveway and traffic signal over the railroad bridge crest.
These allegations pertain to the design of the intersection. In ruling on the previous motion to strike, (#211), it was stated that "allegations concerning design defects relating to the absence of an overhead warning sign, and . . . inadequate sight distances" did not "relate back" to the original complaint.
A motion to strike "challenges the legal sufficiency of any complaint . . . to state a claim upon which relief can be granted." Practice Book 152 (1); Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). In the present case, the defendant is challenging the inclusion of paragraphs 8 and 9 as improper, and is not challenging the legal sufficiency of the plaintiff's negligence claim. CT Page 8283
"The request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified." Royce v. Westport, supra, 180. A request to revise may be used to obtain the following objectives:
 . . . (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or . . . (4) any other appropriate correction in an adverse party's pleading.
Practice Book 147. See Royce v. Westport, supra, 180 n. 2. The defendant could have challenged the plaintiff's inclusion of paragraphs 8 and 9 by way of a request to revise pursuant to Practice Book 147, but a motion to strike is not the proper method for removing irrelevant or immaterial pleadings. See e.g., Regal Steel, Inc. v. Farmington Ready Mix, Inc., 36 Conn. Sup. 137,139-40, 414 A.2d 816 (1980); Yale University School of Medicine/Office of Professional Services v. Wurtzel,3 Conn. L. Rptr. 520 (April 9, 1991, Mihalakos, J.). Therefore, the defendant's motion to strike count one of the plaintiff's substituted complaint is denied.
B. Motion to Strike Count Two (Product Liability)
In support of its motion to strike the second count of the plaintiff's substituted complaint, Rosenshein argues that the plaintiff's product liability claim fails to "relate back" because paragraph 8 mentions "poor sight distance" and paragraph 9 mentions the lack of an "overhead warning sign," and we had previously ruled (in granting motion to strike #211) that these new allegations did not "relate back" to the plaintiff's original complaint. Rosenshein also argues that the plaintiff's product liability claim, which was first asserted in the plaintiff's amended complaint (filed on April 12, 1990), does not "relate back" to the plaintiff's original negligence claim (filed on November 12, 1986).
1. Product Liability: Relation Back
After arguing that the negligence claim asserted in the plaintiff's substituted complaint could not "relate back" to the negligence claim contained in the original complaint because that claim has been "abandoned," the defendant now claims that the plaintiff's product liability claim (which has been in this action continuously since the plaintiff filed its amended complaint on April 12, 1990) does not "relate back" to the CT Page 8284 negligence claim in the plaintiff's original complaint. It seems rather bizarre to argue that the original complaint was "abandoned" for the purpose of striking count one, and then asserting that the original complaint is not "abandoned" and its language is still relevant for the purpose of striking count two.
Amendments which arise from the same operative facts as the original complaint relate back in time to the filing of that pleading. See Gurliacci v. Mayer, supra, 547; Sharp v. Mitchell, supra, 72; Jonap v. Silver, supra, 554-57. In granting motion to strike #211, we ruled that count four of the plaintiff's original complaint sounded in negligence. However, this count was pled in an ambiguous manner, as it made references to a "malfunctioning traffic light" (paragraph 5) and a "dangerous and defective" traffic light (paragraph 6). Then on April 12, 1990, the plaintiff was allowed to amend her complaint to allege a product liability claim pursuant to General Statutes 52-572m et seq.
For this reason, the facts pled in count two of the plaintiff's substituted complaint relate back to the facts alleged in the plaintiff's original complaint. The defendant could have filed a request to revise the original complaint back in 1986, so that the ambiguity and uncertainty about the legal theories or causes of action contained in count four of the original complaint could have been addressed. See e.g., Rowe v. Godou, 209 Conn. 273, 279, 550 A.2d 1073 (1988). A request to revise could have been used to set up the complaint for a proper motion to strike. See Moore v. State, 15 Conn. Sup. 251, 252
(1947). Therefore, since count two of the substituted complaint "relates back" to count four of the original complaint, the defendant's motion to strike count two of the substituted complaint is denied.
2. Removing Paragraphs 8 and 9
As an alternative ground for striking count two, the defendant seeks to strike this count because it contains the same allegations found in paragraphs 8 and 9 in count one concerning "poor sight distance because of a crest" and the lack of an "overhead warning sign" above the new entrance and signal.
The defendant is again challenging the inclusion of these paragraphs, and is not challenging the legal sufficiency of the plaintiff's product liability claim. Accordingly, the defendant's motion to strike count two of the plaintiff's substituted complaint on this ground is also denied for the same reasons given for denying the motion to strike count one. The motion to strike is denied. CT Page 8285
So Ordered.
Dated at Bridgeport, Connecticut this 1st day of September 1992.
WILLIAM B. LEWIS, JUDGE