[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM ON DEFENDANT'S MOTION TO STRIKE
The court is being is being asked to rule on the defendant's fourth motion to strike. There is a confusing array of memorandums, counter memorandums, procedural and substantive claims that lie at the heart of the dispute between the parties. The defendant attacks the legal sufficiency of the complaint. A motion to strike cannot be used to "clean up" a complaint such as eliminating confusing or irrelevant allegations. Regal Steel, Inc. v. FarmingtonCT Page 5869Ready Mix, Inc., 36 Conn. Sup. 137, 139 (1980) and the facts alleged in the complaint must be construed in the most favorable way for the plaintiff. Amodio v. Cunningham,182 Conn. 80, 82, Stradmore Development Corp. v. Commissioner,164 Conn. 548, 550-551 (1973).
The court will entertain this motion to strike despite the plaintiff's procedural objections. A defendant should be allowed to amend its motion to strike before argument so thatBRT Corporation v. New England Masonry Co.,5 Conn. L. Rptr. 205, 206 is not controlling. The plaintiff also argues the defendant has waived its right to file the motion because this case has reappeared on the dormancy list, PB § 251. The defendant notes, however, that the motion to strike was filed before the case appeared on the dormancy calendar.
The complaint, as noted in the defendant's January 20, 1994 memorandum of decision, appears to allege a breach of contract based on an alleged violation of a so-called "Development Action Plan" formulated by the defendant to address the plaintiff's alleged performance deficiencies. Giving the most favorable reading to the complaint, it seems to allege that the development plan contained policies and procedures and the defendant breached the policies and procedures set out in the action plan some of which included notice of deficient performance and an opportunity to correct that performance.
It is true that a complaint cannot avoid a motion to strike by making conclusory allegations or stating "conclusions of law . . . absent sufficient alleged facts to support them." Cavallo Derby Savings Bank, 188 Conn. 281, 285
(1982). The complaint does set forth factual allegations — barely so — to support its theory of action and the defendant seems to be using a motion to strike where perhaps a request to revise may have been more appropriate.
It is no doubt true as the defendant argues that usually employment relationships must be viewed as contracts of indefinite duration terminable at will by either party for any or no reason. Courts should not interfere lightly with an employer's right to run his business. Magnan v. AnacondaIndustries, Inc., 193 Conn. 558, 562 (1984), Sheets v. Teddy'sFrosted Foods, Inc., 179 Conn. 471, 477 (1980). CT Page 5870
Over the years, exceptions have been made to this general rule where the courts have found implied or express employment "contracts" terminable for cause. Coelho v. Posi-SealInternational, Inc., 208 Conn. 106, 112 (1988), D'Ulisse-Cupov. Board of Education, 202 Conn. 206, 213 (1987). Such express or implied contracts can also be found, where appropriate, in employee handbooks and manuals. Finley v.Aetna Life Casualty Co., 202 Conn. 190, 193 (1987).
In other words, the implication of Finley is that even where there is an employment contract that is not for a definite term the parties can agree to change the at will nature of the employment situation at least with respect to termination procedures. cf. Munson v. United TechnologiesCorp. , 4 CSCR 748, 479 (1989). If this, is so, there is no a priori reason why the parties to an employment contract cannot adopt a performance evaluation plan wherein the employer agrees to give the worker notice of deficiencies and an opportunity to or specified time period to correct them. If such an agreement is made, it makes little difference whether it was not, in fact, formulated or once formulated was not complied with. cf. Rothman v. Pratt Whitney Aircraft, CV92 044 9914, J.D. Htfd., 1/24/94.
The defendant raises the specter that allowing an action on the basis of violation of such a plan would lead to "illogical results." An employee could remain in a perpetual state of improving, a worker could never be discharged even if the employer was not satisfied with the pace of improvement or if an economic layoff were necessary. There dangers could be avoided by careful wording of any development plan and appropriate "disclaimer" language such as suggested in Finleyv. Aetna Life Casualty Co., 202 Conn. at page 199 (footnote 5) with regards to employee manuals.
The court does not believe it can appropriately grant this motion to strike.
Corradino, J. CT Page 5871