[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#110)
CT Page 9013
I. FACTS
On January 10, 1995, the plaintiffs, Rebecca and Dennis Fusaro, filed a three count complaint against the defendants, Waldbaum, Inc. and The Great Atlantic Pacific Tea Co., Inc., dba Waldbaum's Food Mart ("Waldbaum's"), Franklin Distributors, Inc. ("Franklin Distributors"), and Clearly Canadian Beverage Corp. ("Clearly Canadian"). Count one sets forth a claim of negligence against the three defendants, while counts two and three set forth a product liability claim, pursuant to the Product Liability Act, General Statutes § 52-572m et seq., against the three defendants.
On May 24, 1995, Clearly Canadian filed a motion to strike the first count of the plaintiffs' complaint, and a memorandum of law in support thereof. Clearly Canadian argues that the first count of the plaintiffs' complaint is legally insufficient as a matter of law because, where a plaintiff sets forth a claim pursuant to the Product Liability Act, as the plaintiffs herein have done in the second count of their complaint, any additional claims based upon negligence are precluded by the Act.
In response, on July 10, 1995, the plaintiffs filed a memorandum of law in opposition to Clearly Canadian's motion to strike. Therein, the plaintiffs argue that the first count of their complaint should not be stricken, because a plaintiff is entitled to plead alternative theories of liability in his or her complaint.
II. DISCUSSION
The purpose of a motion to strike is to challenge the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). In ruling on a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44,522 A.2d 1235 (1987). Additionally, the court is limited to the facts alleged in the complaint, King v. Board of Education, 195 Conn. 90,93, 486 A.2d 1111 (1985); and must construe those facts most favorably to the plaintiff. Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "If any facts provable under the express and implied allegations in the CT Page 9014 plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." (Citations omitted.)Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991).
In count one of their complaint, the plaintiffs allege, in relevant part, that Clearly Canadian, an owner and/or lessee of thepremises who was "otherwise responsible for the supervision, maintenance, repair and upkeep of the aisles, and/or the setup, stocking and restocking, supervision, maintenance, repair and upkeep of the `Clearly Canadian' product display" was negligent, and therefore liable for the injuries and losses of the plaintiffs, in one or more of the following respects:
 a. in that the premises, aisles and displays were not safe for the uses and purposes intended;
 b. in that the display holding the glass bottles was not secure and/or stable rendering it unsafe, hazardous and/or dangerous to shopping customers and their families;
 c. in that the defendant should have foreseen that the glass bottles on said display could fall to the ground and shatter making the premises floors and aisles excessively slick and wet rendering hazardous and dangerous conditions for shoppers and their families who could fall and be cut by broken glass bottles;
 d. in that the defendant in the exercise of reasonable care and inspection should have known of these conditions and should have remedied the same, yet failed to do so.
In contrast, in counts two and three of their complaint, the plaintiffs allege, in relevant part, that Clearly Canadian, amanufacturer, distributor and/or seller of the `Clearly Canadian' product in the aforementioned product displays, is liable to the plaintiff for her injuries and losses, for a variety of reasons, under the Product Liability Act.
It is true, as Clearly Canadian points out, that the Product Liability Act is the "exclusive remedy for claims falling within its scope." Winslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471,562 A.2d 517 (1989). General Statutes § 52-572n(a) states that:
[a] products liability claim . . . may be asserted and CT Page 9015 shall be in lieu of all other claims against product sellers including actions of negligence, strict liability and warranty for harm caused by a product.
(Emphasis added.) Thus, the Product Liability Act is the exclusive remedy "against product sellers" for "harm caused by a product." Id. See also Regal Steel, Inc. v. Farmington Ready Mix, Inc.,36 Conn. Sup. 137, 139 (Super.Ct. 1980) (product liability claims may only be asserted against "product sellers"); Zichichi v. MiddlesexMemorial Hospital, 204 Conn. 399, 403, 528 A.2d 805 (1987) (once a particular transaction is labeled a service, as opposed to a sale of a product, it is outside the purview of our product liability statute).
At this stage of the pleadings, however, the court has insufficient facts before it to determine whether the claims of the plaintiffs do fall within the scope of the Act. For example, the court has insufficient facts before it to conclusively determine the issues of whether Clearly Canadian is a "product seller" under the Act, and whether the injuries allegedly sustained by the plaintiff were caused by a "product."
Depending on the evidence offered at a later point in time, it may subsequently be determined that count one is improper. That determination, however, cannot be made at this time. Accordingly, the court declines to grant Clearly Canadian's motion to strike the first count of the plaintiffs' complaint, on the ground that the Product Liability Act provides the exclusive remedy for the plaintiffs' alleged injuries and losses.[1]
III. CONCLUSION
For the reasons herein stated, the court concludes that Clearly Canadian's motion to strike count one of the plaintiffs' complaint ought to be and is hereby denied.
IT IS SO ORDERED.
BY THE COURT, ARENA, J.