[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff Commissioner of Environmental Protection seeks recovery against the defendant for costs and expenses incurred by the plaintiff in removing what is claimed by the Commissioner to be certain hazardous liquids and products allegedly found to have been spilled onto the floor
The first count claims that the defendant is liable to the plaintiff for said costs, pursuant to the provisions of General Statutes 22a-6a(3), and particularly pursuant to the provisions of General Statutes 22a-451 which allows the Commissioner to act in the event of an emergency and to collect the cost of remediation of the bringing of a civil
The second count of the complaint is a claim for unjust enrichment in that the abatement activity of the Commissioner has directly increased the value of the property.
The defendant denies the claims of the Commissioner, including the Commissioner's allegation that there was an emergency, and denies all of the factual allegations as concerns hazardous wastes or the necessity for engaging in the activity claimed by the Commissioner to have taken place to CT Page 9588 deal with the alleged circumstances.
The defendant, in his first special defense alleges that "neither of the foregoing conditions constituted pollution, contamination, emergency or hazardous waste and that the Commissioner exceeded his authority pursuant to General Statutes 22a-451, and is barred from collecting the sums sought in this action." The Commissioner does not move to strike this special defense.
The second special defense raises a question of statutory construction. The Commissioner moves to strike this special defense. General Statutes 22a-451, in its most liberal reading, appears to be sufficiently broad to allow the Commissioner the right to abate what he considers to be pollution, even in non-emergency circumstances, without the requirement of notice or an opportunity to be heard. However General Statutes 22a-432 and 22a-432 allows for the issuance of an order by the Commissioner and the right of any person who receives such order to have "the right to a hearing and an appeal." Therefore the question presented by this second special defense is whether, in a non-emergency circumstance the legislature intended that the right to notice and appeal are to be considered paramount to a liberal interpretation of General Statutes 22a-451, which might allow the Commissioner to take action without notice, and without an opportunity to be heard in a non-emergency situation.
The Commissioner asserts that he, the Commissioner is not bound by the general proposition of exhaustion of administrative remedies. The Commissioner is generally correct in this contention. However, the second special defense is not based upon a general claim of exhaustion of administrative remedies. Rather it seeks an interpretation ofthese specific statutes, claiming that proper interpretation of the statutes, read together, would require notice and the right to a hearing and an appeal.
To the extent that the Commissioner asserts that to impose the requirement of notice and a hearing in an emergency situation is contrary to the emergency provisions of General Statutes 22a-451, and inherently dangerous, this position is well taken. However whether an emergency existed is one of the fundamental questions raised by the pleadings in this action. The court cannot decide that question of fact merely CT Page 9589 because the commissioner claims that there was an emergency in his brief on the motion to strike.
The motion to strike the second special defense is denied.
The third special defense is allied to, but is not identical to the second special defense. It claims, in effect, that even if General Statutes 22a-451 is, by statutory interpretation, to be interpreted such as to override the notice and opportunity to be heard provisions of General Statutes 22a-432 and 22a-433, the court must then address the of whether such statute, as so interpreted, would be violative of the guarantee of due process of law under the State and Federal Constitutions. This second level of consideration properly asserts this claim as a special defense.
The motion to strike the third special defense is denied.
The fourth special defense asserts that General Statutes22a-451 is unconstitutional in that it gives unbridled power to the Commissioner "to remediate any condition the plaintiff in his sole discretion claims to be a potential threat . . ." In essence the defendant claims that the statute is so broad as to give to the Commissioner the right and the power to act arbitrarily, without criteria to place constitutional limits upon the powers so delegated, and hence, ab initio is violative of due process in its general application to any given circumstances. A defendant has the right to challenge the constitutionality of a statute and under the circumstances of this action, he has standing to assert such a defense.
The motion to strike the fourth special defense is denied.
The fifth special defense asserts that the application of General Statutes 22a-451 to his particular circumstance is violative of due process. Without doubt a statute can meet constitutional requirements in its general application, yet may be unconstitutional when applied to a particular set of circumstances. The fifth special defense therefore differs from the fourth special defense. As with the fourth special the defendant has the right to assert such defense. The defendant has properly pleaded this defense as a separate and CT Page 9590 distinct special defense from that of the fourth special defense. The motion to strike the fifth special defense is denied.
The sixth special defense sets forth a defense of innocent landowner" under the provisions of General Statutes22a-452d and 22a-452e.
There may well be merit to the Commissioner's claims, first that the count does not assert facts which are consistent with the complaint. (PB 164) And second that the defendant has failed to plead facts sufficient to support the proposition of innocent landowner
Paragraph 3a and 3b reiterates the defendant's denial of ownership of the land and causation of any condition which was remediated. These denials have already been set forth in paragraphs 3 and 4 of the answer to the complaint. Hence it is possible that paragraphs 3a and 3b may be surplusage as concerns this sixth special defense.
Paragraph 3c sets forth a claim of the defense of "innocent landowner" under General Statutes 22a-452d and22a-452e. This is of course a defense which is able to be asserted, and if asserted, should be asserted in a separate special defense, as was done in this case.
The plaintiff's remedy, if it contends that paragraph 3a and 3b are irrelevant or unnecessary would be a request to revise, per Practice Book § 147(2). As to paragraph 3c, if the plaintiff feels that facts need to be pleaded to completely set forth the defense of innocent landowner the plaintiffs's remedy would be a request to revise per Practice Book § 147(1). A motion to strike tests the sufficiency of the entire count. The motion to strike cannot be granted on the grounds of irrelevancy or immaterality of part of the allegations of the count. Regal Steel, Inc. v. Farmington Ready Mix,36 Conn. Sup. 137, 140 (1980).
The motion to strike is not the proper method to attack the alleged imperfections of the sixth special defense.
The motion to strike the sixth special defense is denied.
L. Paul Sullivan, J. CT Page 9591