[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant Sunrise Northeast Inc., makes this motion to strike the second, third, fourth, fifth and sixth counts of the complaint.
The defendants Ellen Fisher and Ronald Peter make this motion to strike the fourteenth, fifteenth, sixteenth, eighteenth and nineteenth counts of the complaint.
The three defendants are represented by the same counsel. The motion to strike, though made by the different defendants, are presented as a single consolidated motion.
The defendant Sunrise Northeast, Inc. is alleged to be the employer of the plaintiff.
Count two of the amended complaint claims intentional infliction of emotional distress. The defendant claims that the Connecticut Workers Compensation Act provides the exclusive remedy for the alleged conduct and injuries allegedly sustained.
The Supreme Court, in the case of Surrey v. Dick PlasticsCorp., 229 Conn. 99, 101 held, in that case, that "there is a genuine issue of material fact as to whether the plaintiff's injury `was substantially certain' to follow from his employer's conduct so as to satisfy the narrow exception to the exclusivity CT Page 6457 of the act and to allow the plaintiff to pursue his common law remedy in a trial." The mere fact that Workers Compensation benefits may also be available does not preclude such a cause of action. Surrey, supra, p. 101
The plaintiff alleges in the second count unreasonable and threatening tactics of interrogation; threatening of the plaintiff with criminal action; and unlawful restraint upon the person of the plaintiff; and actual knowledge that said conduct would result in the infliction of emotional distress. There is a genuine question of fact presented by these allegations.
The motion to strike the second count is denied.
The third count sets fourth a cause of action for false imprisonment. This count also raises a question of fact as to whether such conduct was unlawful under the circumstances, and whether, if so, the claimed injuries were substantially certain to follow. The motion to strike the third count is denied.
The fourth count is for defamation. This again raises a question of fact as to what was said. The plaintiff claims that the defendant made false statements of fact as to misconduct by the plaintiff. The viability of this cause of action may depend upon whether the defendant stated that the plaintiff actually committed acts of misconduct, which factual statement would allegedly be false, or, conversely, whether the defendant merely stated the actual fact of the existence of an investigation, which by the pleadings appears to be true.
As to paragraph 57, which alleges "self defamation". To the extent that the plaintiff's complaint alleges a factual accusation, the existence of which factual accusation (not the mere fact of a investigation), it is claimed must be relayed to a prospective employer, Connecticut appeals courts have not passed upon the viability of such claims. This claim is merely a single paragraph within an otherwise viable count. A motion to strike cannot be utilized to excise paragraphs of a viable count. SeeRegal Steel, Inc. v. Farmington Ready Mix, 36 Conn. Sup. 137,140 (1980).
The motion to strike the fourth count is denied.
The fifth count of the complaint alleges that the investigation of the plaintiff in connection with the matter of CT Page 6458 sexual assault of a patient constitutes an invasion of the right of privacy of the plaintiff.
This court cannot conceive of a rule of law which would prevent an employer in the position of this defendant, from conducting a reasonable investigation where it appears that a patient has been sexually molested. The right to privacy has limitations where an organization such as this is entrusted with the care of a patient, and this is obviously one of those limitations.
The motion to strike the fifth count, an invasion of the right to privacy by the mere undertaking of an investigation and the mere posing of relevant questions to prospective witnesses, is not per se actionable. Such investigations are activities arising out of and in the course of employment. If emotional stress does occur by virtue of the mere act of conducting a reasonable investigation, the mere asking of questions, an injurious emotional reaction to the reasonable posing of reasonable questions may be an "injury" and would be an injury contemplated the Workers Compensation Act. An action at law would hence be barred by the provisions of the Workers Compensation Act.
However, this fifth count incorporates the paragraphs of the first count. It is alleged in paragraph 19 that the interrogation sought to elicit information concerning the plaintiff's sexual orientation and his personal relationships with other persons outside of work. It is also alleged in paragraph 53b that the investigation included asking questions of another employee as to the plaintiff's sexual orientation and inquiries concerning the subject of sexual relationships with another employee.
Whether or-not such inquiries and interrogations, which undoubtedly concern private matters, are legitimate areas of inquiry for the purposes of producing relevant and material information as concerns the subject being investigated is a question of fact. Stated otherwise whether such inquiry "unreasonably intruded upon the plaintiff's private life" or whether such inquiry into an otherwise private matter was justified, is a question of fact. This court cannot determine questions of fact through a motion to strike.
The motion to strike the fifth count is denied. CT Page 6459
As to the sixth count of the complaint. This count alleges not merely the giving of false information but that it was "for the purpose of preventing the plaintiff from securing employment from said prospective employer." This claim is related to the fourth count of the complaint. However, it appears to allege facts which occurred subsequent to the termination of the plaintiff's employment.
Although the Workers Compensation Act may be raised as a legal defense to the fourth count, which may allege inter-employment activity, this claim raised in the sixth count is for post employment acts and is separate and apart from the fourth count. Violations of a statute is negligence per se, and as it is pleaded, would not, as a post employment act, be generally thought to be subject to a Workers Compensation defense.
The notice to strike the sixth count is denied.
The motion as concerns the fourteenth count alleges the same grounds as the motion in the second count. The motion is denied as concerns the fourteenth count. The motion as concerns the fifteenth count alleges the same grounds as the motion re the third count. The motion is denied as concerns the fifteenth count. The motion as concerns the sixteenth count alleges the same grounds as the motion re the fourth count. The motion is denied as concerns the sixteenth count. The motion as concerns the eighteenth count alleges the same grounds as the motion re the sixth count. The motion is denied as concerns the eighteenth count.
The nineteenth count alleges that Fisher and Peter, who are alleged in the first count, paragraph 4 as the Administrator of Sunrise (Fisher) and paragraph 5 as the Home Director of Sunrise (Peter) are liable for "tortious Interference with Contractual Relations."
Sunrise is alleged to be a corporation (paragraph 2 of the complaint). The defendants cite the case of Multi-serviceContractors Inc. v. Vernon, 193 Conn. 446 for the proposition that "someone who is directly or indirectly a party to the contract" cannot be held personally liable for intentional interference with contractual relations."
"As agents of the town which was a party to the contract, the CT Page 6460 named defendants could not be considered strangers to the contract at issue."
Multi-Service Contractors Inc. v. Vernon, supra, p. 45.
Paragraph 17 of the complaint alleges that the plaintiff was told "by his supervisor, defendant Ronald Peter . . ." The complaint does not allege that Peter was the authorized agent of the defendant corporation for the purposes of dealing with the plaintiff's employment contract or for effectuating a discharge of the plaintiff. Paragraph 33 and 34 merely alleges that Fisher failed to take affirmative action during the course of the investigation. The complaint does not allege that Fisher was the authorized agent of the corporation for the purposes of dealing with the plaintiff's employment contract. To the contrary it appears that the plaintiff claims that neither Peter nor Fisher had any right to engage in any type of investigation for or on behalf of the corporation.
This court cannot merely interpret the words "supervisor" or "an administrator" or "home director" to conclude that as a matter of law, either of these persons were the authorized agents of the corporation for the purpose of dealing with the plaintiff's employment contract or conducting, or assenting by silence to the conduct of an investigation, or in dealing with the plaintiff's claimed employment contract.
The defendant cites no authority to this court which would support a proposition that a co-employer, not acting as the authorized agent of the employer, is immune from suit for tortious interference with the employment contract of a fellow employee.
Further, count nineteen, as it incorporates count one, is capable of being interpreted as alleging that the individuals acted in bad faith, maliciously, wantonly or beyond the scope of their authority which, if proven, would serve to defeat a defense of activity of an agent of the employer. See Multi-ServiceContractors, Inc., supra, P. 452. It is also recognized that there is no prohibition against pleading in the alternative in separate counts so as to claim agency in one count and to claim a cause of action inconsistent with agency in other counts.
The court denies the motion to strike count nineteen of the complaint.
L. Paul Sullivan, J. CT Page 6461
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 6461-M